**Jon A. JENNINGS, Plaintiff-Appellee,**

**v.**

**The METROPOLITAN GOVERNMENT OF NASHVILLE and Davidson County and John Brewer, Defendants-Appellants.**

**No. 82–5510.**

United States Court of Appeals, Sixth Circuit.

Argued April 27, 1983.

Decided Aug. 31, 1983.

---

Robert G. Wheeler, Jr., William F. Howard (argued), Nashville, Tenn., for defendants-appellants.

Patrick O'Rourke, Madison, Tenn., Joseph H. Johnston, Robert Belton [lead] (argued), Nashville, Tenn., for plaintiff-appellee.

Before KEITH and KENNEDY, Circuit Judges, and WEICK, Senior Circuit Judge.

CORNELIA G. KENNEDY, Circuit Judge.

The Metropolitan Government of Nashville and Davidson County, Tennessee (Metro) and its deputy sheriff John Brewer (Brewer) appeal from the award of attorneys' fees in this civil rights action. Appellee sued Metro and Brewer as well as a private individual named Steve T. Murpff[1] under the Civil Rights Act of 1870, 42 U.S.C. § 1981 *et seq.*, for injuries sustained during a disturbance at the Metro workhouse. The lawsuit was settled between the parties before trial in two separate settlement agreements. In the first, Metro agreed to pay $2,000 to Jennings on behalf of Metro and Brewer. An order was entered by the court on February 19, 1980, acknowledging the settlement between the parties and dismissing the case "without costs and without prejudice to the right, upon good cause shown within sixty (60) days, to reopen the action if the settlement is not consummated." Metro paid the $2,000 and by an agreed order dated March 11, 1980, the action was dismissed "with prejudice" as against Metro and Brewer. This final order did not mention costs.

In the second settlement agreement, Murpff agreed to pay $1,000 to Jennings. An order was entered by the court on April 21, 1980, acknowledging the settlement between the parties and dismissing the case "without costs and with prejudice as against Steven T. Murff [sic], except that the action may be reopened at any time between the date of this Order and December 21, 1980 for purposes of enforcing the settlement agreed to herein." It appears that Murpff initially paid $250 of the settlement. In an order dated December 22, 1980, it was noted that the balance of $750 owed to appellee by Murpff could not be paid by December 31, 1980, and that to avoid the need for further litigation the parties agreed to entry of a judgment against Murpff in the amount of $700. The $700 judgment was collected through execution and garnishment proceedings. The final garnishment check was distributed on June 10, 1981.

In July 1981, counsel for Jennings at the time of settlement, Joseph H. Johnston (Johnston), prepared an affidavit containing a summary of the hours he had spent on

---

1. Murpff is not a party to this appeal.

Jennings' case. Prior to submitting the affidavit and petition for an award of fees under the Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988 (Fees Awards Act), Johnston learned that the District Court file on Jennings' case had been misplaced. Johnston elected to wait until the court clerk located the file before submitting his affidavit and petition. The petition was ultimately filed on February 11, 1982. Patrick O'Rourke (O'Rourke), original counsel in the Jennings' matter, filed for fees on May 3, 1982, without explanation for his delay. On May 4, 1982, a hearing was held in the United States District Court for the Middle District of Tennessee on the fee petitions of Johnston and O'Rourke. The reasonableness of the hours claimed and the hourly rates charged was not challenged by Metro and Brewer; rather, they argued that the settlement reached between themselves and Jennings was intended to include costs and attorneys' fees. The District Court rejected this argument finding no evidence of any agreement to include attorneys' fees in the settlement figure, and finding no other reason why the fees should be denied. Accordingly, an order was entered on June 4, 1982, granting the fee petitions.

On June 14, 1982, Metro and Brewer moved for a new trial or amendment of the judgment for fees requesting that the fee petitions be denied as untimely under Rule 12(b)(3) [now Rule 13(d) ] of the Local Rules of Court, United States District Court, Middle District of Tennessee, which provides that a cost bill must be filed within thirty (30) days from the termination of the case. In the alternative, Metro and Brewer argued that even if the court declined to require that fee petitions meet the timeliness standards applicable to motions for costs, liability for attorneys' fees should have been apportioned between the defendants because it was never determined that the defendants were joint tortfeasors with joint and several liability. Accordingly, Metro and Brewer urged that Johnston's fees should have been awarded solely against Murpff because Johnston's affidavit

in support of his petition for fees disclosed that the greatest portion of his fees had been incurred in seeking to collect from Murpff. Also, Metro and Brewer contend that, if recoverable at all, O'Rourke's fees should have been divided equally between Metro, Brewer, and Murpff. The motions were denied and Metro and Brewer filed for review in this Court.

Metro and Brewer argue first that the District Court erred in holding that the settlement they reached with Jennings was not dispositive of Jennings' entire claim against them. To support their position, Metro and Brewer rely upon testimony from the hearing on attorneys' fees, affidavits submitted by the attorneys involved in the defense of the action, and the language of the District Court's February 19, 1980 order characterizing the settlement as "without costs." Both attorneys' affidavits recited, *inter alia*:

> The settlement agreed to and consummated was for the sum of Two Thousand Dollars ($2,000), which was based on One Thousand Dollars ($1,000) against each named defendant. All parties involved were informed and were aware that the authority of the Department of Law to compromise and settle any claim, including attorney's fees and costs, is limited to One Thousand Dollars ($1,000) per claim. Any settlement or expense to be made by Metropolitan Government in excess of One Thousand Dollars ($1,000) requires the approval by resolution of the Metropolitan County Council.

(JA p. 62). The District Court appears to have accepted the truthfulness of this recital.[2] Additionally, Johnston, Jennings' counsel at the time of the settlement, stated that he did not then intend to petition for fees since he had so little time invested in the case. It was only after he had devoted extensive efforts to collect the judgment against Murpff that he decided to petition for fees.

Nonetheless, the District Court found:

2. After quoting the above language from the affidavit, the District Court stated, "All this

may well be accepted as true." Memorandum Opinion, dated June 4, 1982.

... that there was no ... agreement [that attorneys' fees were intended in the settlement amount], for there is absolutely no evidence that the parties even discussed including such an agreement in the settlement.

(Memorandum Opinion, dated June 4, 1982).

The focus of the District Court's inquiry, then, was upon whether the parties had explicitly agreed that attorneys' fees would be included in the settlement. It found that they had not discussed the specific question of attorneys' fees, and concluded that the claims for fees had not, therefore, been settled.

 The question more properly before the District Court was whether the parties intended the settlement to be a final disposition of all claims, rather than whether the parties intended to include attorneys' fees in the settlement. The distinction is important since it is not necessary for the parties to have reached a separate agreement on each aspect of the claim in order to have reached a settlement in full. With respect to whether the parties intended the settlement to dispose of all claims, the silence of the parties regarding attorneys' fees is not controlling. The record here permits only the single inference that the parties agreed to settle their dispute in full. First, the appellants' intention, the District Court conceded, was to settle all claims. Second, appellee's lawyer, Johnston, admitted that he did not intend to request fees at the time of settlement. Thus, he did not intend to reserve settlement of this portion of the litigation.[3] Third, Johnston agreed to an order of dismissal with prejudice as against Metro and Brewer. This order was a final disposition of the lawsuit and left nothing for the District Court to decide. And, finally, it was not until after an intervening event had occurred, namely Murpff's failure to pay his adverse judgment, that any requests for attorneys' fees were considered.

 Thus, while we recognize that intent is an issue of fact, the record here permits only one inference to be drawn. The parties intended the settlement to dispose of the entire litigation against Metro and Brewer.

Having concluded that the settlement agreement disposes of appellee's claims against Metro and Brewer and, therefore, precludes a subsequent award of attorneys' fees against them, we do not address the merits of appellants' alternative argument that the fee petitions were untimely.

Finally, we see no basis for requiring Metro and Brewer to pay for the fees incurred by Johnston in the collection of the separate judgment against Murpff. Although the complaint alleged that all defendants were jointly and severally liable, no finding to that effect was ever made. Murpff was not a Metro employee, but rather, a private citizen. Metro and Brewer's agreement to settle was not an admission of liability for all charges in the complaint. There is simply no basis for finding Metro and Brewer liable for fees incurred in collecting the separate settlement against Murpff.

The judgment of the District Court is reversed. The case is remanded to the District Court to permit it to amend its judgment and, if warranted upon consideration, to increase the amount of the fees awarded against Murpff.

---

3. It appears from the record that both O'Rourke and Johnston were employed by the Southern Prisoners' Defense Committee. When O'Rourke left that employment, Jennings' case was routinely reassigned first to a Richard Burr and then to Johnston. Accordingly, although O'Rourke was not a participant in the settlement agreement, his entitlement to fees is governed by that agreement.