753 F.2d 86
 Michael R. MITCHELL, Plaintiff-Appellant,
v.
CITY OF LOS ANGELES, Defendant-Appellee,
and
Ira Reiner, City Attorney; John T. Neville, Assistant City
Attorney; Raymond J. Fuentes, Deputy City Attorney;
Richard William Papke, Los Angeles Police Officer; Joseph
Charles Brazas, Los Angeles Police Officer; Gordon Cohn, Defendants.
 CA No. 83-6242.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 5, 1984.
Decided Aug. 24, 1984.
As Amended Jan. 24, 1985.
 
 Fred Okrand, ACLU Foundation of Southern Cal., Los Angeles, Cal., for plaintiff-appellant.
 Richard M. Helgeson, Asst. City Atty., Daniel G. Woodard, Deputy City Atty., Los Angeles, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before GOODWIN and FARRIS, Circuit Judges, and ORRICK,* District Judge.
 FARRIS, Circuit Judge:
 
 
 1
 Michael R. Mitchell brought an action in district court under 42 U.S.C. Secs. 1983 and 1988 seeking an attorney's fee for the settlement of a former client's case and under 28 U.S.C. Sec. 2201 seeking several declaratory judgments. The district court had jurisdiction of the case under 28 U.S.C. Sec. 1331, and dismissed Mitchell's complaint as to the City of Los Angeles. We affirm. Mitchell raises interesting questions of interpretation which we cannot reach upon this record.
 
 
 2
 In the course of Mitchell's settlement negotiations with the City of Los Angeles on behalf of his client in June, 1982, Mitchell offered to settle the case for $4,400 and to leave the issue of the attorney's fees award to the court. The city attorney indicated that a settlement might be negotiated within the range of the amount demanded, but that the city would not leave the issue of attorney's fees for the court's determination. Mitchell's client, Cohn, indicated that he would settle for approximately $4,000 without regard to the statutory attorney's fee. Mitchell resigned as Cohn's attorney in September, 1982, because of the perceived conflict of interest between his client and himself. The city subsequently settled with Cohn by paying him $4,000 in full settlement of all claims.
 
 
 3
 It is not disputed that Cohn and the city intended that the $4,000 payment was a full settlement of all claims including attorney's fees. In the stipulation of dismissal both sides agreed that "each party will waive all claims for attorney's fees." The district court's order dismissing Cohn's case with prejudice stated that "both plaintiff and defendant have waived their right to attorney's fees." The clear and unambiguous intent of the parties to that agreement was that the receipt of $4,000 would fully and finally resolve all sums due to Cohn for damages and attorney's fees.
 
 
 4
 Mitchell did not allege or attempt to prove mutual mistake. Instead he argued that as counsel he had an independent right to proceed against the city for attorney's fees. We do not now decide whether an attorney is the real party in interest under section 1988, and thus able to bring an action for the recovery of attorney's fees. Fed.R.Civ.P. 17(a). See Brown v. General Motors Corp., Chevrolet Division, 722 F.2d 1009 (2d Cir.1983) (civil rights claimant, not claimant's attorney, is the real party in interest under section 1988); Latino Project, Inc. v. City of Camden, 534 F.Supp. 390 (D.N.J.1982) (attorney must join clients pursuant to Fed.R.Civ.Pro. 17(a) in order to bring an action for an attorney's fee under section 1988), aff'd on other grounds, 701 F.2d 262 (3d Cir.1983). Cf. Richards v. Reed, 611 F.2d 545 (5th Cir.1980) (prevailing Title VII claimant, not her attorney, is the real party in interest in an action for an attorney's fee under 42 U.S.C. Sec. 2000e-5(k)) (dicta); Oguachuba v. I.N.S., 706 F.2d 93, 97-98 (2d Cir.1983) (unless lawyer files claim for an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(A) under his client's name court would dismiss for lack of standing) (dicta); James v. Home Construction Company of Mobile, Inc., 689 F.2d 1357 (11th Cir.1982) (attorney had standing to bring an action in her own name for an attorney's fee under the Truth-in-Lending Act, 15 U.S.C. Sec. 1640(a)(3)).
 
 
 5
 Even if Mitchell has a right to bring an action for attorney's fees under section 1988, and we do not now decide the question, the stipulation and the settlement are controlling. Since Mitchell did not appeal the district court's order of dismissal the issue of whether the court erred by waiver of attorney's fees is not now before us. He may not now subject the judgment of dismissal to collateral attack.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The Honorable William H. Orrick, Jr., United States District Judge for the Northern District of California, sitting by designation