**Rose SILVERMAN, Stephen Silverman and Joan Devine, a/k/a Joan Herman, Plaintiffs,**

v.

**Benjamin CENTER, Joseph Ingraldi, Bert Goldman, Irving Schnitzer, Individually and as Custodian of the Assets of Stewart Avenue Associates, a Dissolved New York Partnership, The Equitable Life Assurance Society of the United States and Long Island Trust Company, a New York Corporation, Mortgagees, Defendants.**

**No. CV 84–4792.**

United States District Court, E.D. of New York.

March 6, 1985.

Bernstein, Bernstein & Stein, Fort Lauderdale, Fla., Kerner & DeVries, New York City, for plaintiffs.

---

Blodnick, Schultz & Abramowitz, P.C., Lake Success, N.Y., for defendants Ingraldi & Goldman.

Lloyd D. Feld, Armonk, N.Y., for defendant Center.

Irving Schnitzer, pro se.

WEXLER, District Judge.

Plaintiff Rose Silverman and her two adult children, Stephen Silverman and Joan Devine, bring this action by way of Order to Show Cause to stay arbitration of an accounting of the business and property of Stewart Avenue Associates, a partnership. Mrs. Silverman is the widow of one of the partners and his successor in interest. The other two plaintiffs have interests in the partnership through a trust terminated in November 1984. The partnership terminated when Mr. Silverman died and the arbitration was called to resolve accounting issues in the liquidation and dissolution of the partnership and its assets. The defendants in this action have interests in the partnership or in property held by the partnership.

Plaintiffs' ground subject matter jurisdiction in this Court on diversity of citizenship. 28 U.S.C. § 1332. Rose Silverman is averred to be a citizen of Florida, Stephen Silverman a citizen of Virginia, and Joan Devine a citizen of Maryland. Defendants are alleged to be citizens of New York. The partnership agreement was entered into under the laws of New York, and the property at the heart of the controversy is a commercial property located at 750 Stewart Avenue in Garden City, New York. The partnership agreement contains an arbitration clause that has been invoked in the liquidation and dissolution.

On December 10, 1985 plaintiffs applied for an Order to Show Cause, which was granted and set down for a December 19, 1984 hearing. Most of the parties appeared on that date, and decision was reserved.

■ Review of the papers submitted reveals that on September 21, 1984 Rose Silverman applied to the New York Supreme Court for a stay of arbitration on the same grounds as presented here. The stay was denied and the matter ordered to arbitration. The partnership had previously been ordered to arbitration in 1983 on a motion by Benjamin Center in Nassau County Supreme Court. Clearly, this state law action, now before this Court pursuant to diversity of citizenship, has been adjudicated by the state courts. It would appear from Justice Brucia's decision of October 13, 1983 (No. 8368/83, N.Y.Sup.Ct., Nassau County) and Justice Wilk's decision of November 1, 1984 (No. 21911/83, N.Y.Sup.Ct., New York County) that not only is the issue of arbitration *res judicata,* but the petition for the stay of arbitration in particular is *res judicata.* The facts and arguments presented in the state court actions are the same and there is identity of parties and interests with the action now before this Court.

Plaintiffs did not in their application for an Order to Show Cause or elsewhere indicate that there had been earlier proceedings before the state courts or that an earlier application to the New York Supreme Court to stay arbitration had been denied. Plaintiffs did attach as Exhibit 1 a copy of defendant Center's Demand for Arbitration, which mentions the Supreme Court order of October 14, 1983. But plaintiffs' counsel states in Paragraph 9 of his affidavit: "No prior application has been made to this or any other court for the relief to Quiet Title and for Partition, and no court has taken and retained jurisdiction over the subject property." While these assertions may be technically correct, on the whole the paragraph is disingenuous for what it omits. Nor does plaintiffs' counsel at any point address the issue of how and when a federal court may interfere in actions decided by or pending before a state court. Counsel merely has submitted a letter stating in conclusory fashion that this action is somehow new and different.

The Court is here presented with a state cause of action with subject matter jurisdic-

tion based on diversity of citizenship. Hence, this Court would act as a state court in deciding the plaintiffs' action, something it is no more competent to do than any other New York court. Plaintiffs having had their claims heard and adjudicated once are not entitled to a re-adjudication of the same state claims in a federal district court. Nor are they entitled to parse elements of the action and present them piecemeal to various courts. The instant action is *res judicata* and plaintiffs will not be allowed to go from court to court until they get the decision they seek. Moreover, whatever issues are as yet unresolved have been ordered to arbitration by the state court pursuant to an arbitration clause. The Court can detect no ground to justify its interference in proceedings before the state court or the arbitrator, or reason to divide up the action between state and federal courts. The Court concludes that principles of *res judicata* dictate dismissal of this suit.

██ Defendants Benjamin Center, Joseph Ingraldi, and Bert Goldman in their opposition to plaintiffs' application for a stay ask for attorneys' fees and assessment of double costs against plaintiffs pursuant to Rule 11, Fed.R.Civ.P. The plaintiffs' counsel's complete lack of candor in presenting the circumstances and legal proceedings leading to the arbitration indicates bad faith and intent to abuse the procedures of the Court. Counsel's late-profferred justification does nothing to erase this. The Court concludes that an award of attorneys' fees and costs against counsel for plaintiffs is warranted.

Accordingly, the plaintiffs' application for a stay or arbitration is denied. The Clerk of the Court is hereby ordered to dismiss plaintiffs' action. Attorneys for the defendants appearing in this action are directed to submit affidavits as to fees and costs.

SO ORDERED.