762 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FOREST HILLS UTILITY COMPANY, ET AL.,
PLAINTIFFS-APPELLANTS-CROSS-APPELLEES,
v.
CITY OF HEATH, ET AL., DEFENDANTS-APPELLEES-CROSS-APPELLANTS.
 NO. 84-3100, 84-3145, 84-3146
 United States Court of Appeals, Sixth Circuit.
 4/3/85
 
 Appeal from the United States District Court, Southern District of Ohio, Western Division
 Before: KENNEDY and CONTIE, Circuit Judges; and GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from a District Court order denying attorney fees. The case which forms the backdrop for this dispute was commenced in 1974 when plaintiffs brought an action under 42 U.S.C. Secs. 1983, 1985 and 1986 against the City of Heath, Ohio, several of its officials, and some state officials. The case had a long life and was finally settled out of court in 1980. On February 6, 1981, plaintiffs filed an application for attorney fees which was dismissed. That order was vacated on appeal. On July 22, 1982, plaintiffs filed an amended application for attorney fees. This application was denied in an order dated December 29, 1983. This appeal followed.
 
 
 2
 Plaintiffs request attorney fees from three parties: Charles G. Pinney, the City of Heath and its officials, and the State of Ohio. Pinney and Heath seek attorney fees from plaintiffs for time spent in defending plaintiffs' claim for attorney fees claiming that plaintiffs' request for fees in frivolous. The claims of Pinney and Heath also were denied below and they cross-appeal.
 
 
 3
 The District Court denied attorney fees on plaintiffs' claim against Pinney and Heath based on the language of the settlement documents which unequivocally released those defendants 'from all claims, demands, actions, judgments and executions which the Plaintiffs ever had, or now have, or may have . . . from the beginning of time until the date of the execution of this release.' In Jennings v. Metropolitan Government of Nashville, 715 F.2d 1111 (6th Cir. 1983), we held that such a release includes a release of claims for attorney fees.
 
 
 4
 Plaintiffs attempt to distinguish this case from Jennings, by emphasizing that in 1977 plaintiffs informed defendants of their intention to seek attorney fees under 42 U.S.C. Sec. 1988, should plaintiffs prevail. Plaintiffs contrast this with Jennings in which we denied attorney fees to a party who, at the time of settlement, had no intention of seeking attorney fees. Plaintiffs argue that prior notice of an intent to seek attorney fees should create a presumption that defendants knew that such a claim was not released in the settlement. Since such notice was lacking in Jennings, plaintiffs argue that that case is inapposite. We disagree.
 
 
 5
 Rather than being inapposite, the reasoning of Jennings applies with even more force to the present situation. In Jennings we held that
 
 
 6
 The question more properly before the District Court was whether the parties intended the settlement to be a final disposition of all claims, rather than whether the parties intended to include attorneys' fees in the settlement. The distinction is important since it is not necessary for the parties to have reached a separate agreement on each aspect of the claim in order to have reached a settlement in full.
 
 
 7
 715 F.2d at 1114. If this is the rule to apply when the parties have never discussed the issue of attorney fees, it certainly must apply to the present situation, where all parties are aware of a potential claim for attorney fees and a subsequent agreement purports to release all claims. The District Court also made a factual finding that the parties intended to include attorney fees in the release. That finding was not clearly erroneous.
 
 
 8
 The District Court also denied plaintiffs' request for attorney fees against the State of Ohio on the ground that the State of Ohio was not a party to this case. The State has never been a party to this action. Initially, two state officials were sued in their official capacity. Plaintiffs settled these claims, however, in a December 1975 agreement, which expressed the parties' desire 'to conclude all litigation between and among them and to agree to forego any future litigation among them arising out of any actions or failures to act occurring prior to the date of execution of this agreement.' Thus, while the State may be liable for any awards, including attorney fees, against those defendants in their official capacity, see Brandon v. Holt, 105 S.Ct. 873 (1985), an award of attorney fees against those defendants is precluded by the same Jennings analysis as applied above.
 
 
 9
 Plaintiffs argue, however, that the state in effect became a party to this action by defending and indemnifying the four state officials who remained defendants in their individual capacity. These defendants also eventually settled with plaintiffs. The terms of their settlement agreement are set out in an October 30, 1980 letter from plaintiffs which states: 'Plaintiffs will not seek to recover attorney's fees or other monies or expenses from the person or property of such settling defendant but reserve such rights as they may have in this regard with respect to others than such settling defendants.' Plaintiffs now urge upon us that the State is one of these 'others' against whom there is a right to attorney fees.
 
 
 10
 We reject this reasoning. The defense and indemnification rendered by the State was gratuitous, pursuant to statutory authorization. See Ohio Rev. Code Secs. 9.87A, 109.361. Any right to attorney fees which plaintiffs may have had was against the actual defendants, and that right was expressly released.
 
 
 11
 Heath and Pinney cross-appeal asserting that they are entitled to attorney fees for their efforts in defending against a claim which was 'contrived, frivolous, unreasonable and without foundation.' Tonti v. Petropoulous, 656 F.2d 212, 217 (6th Cir. 1981). Plaintiffs' conduct has not been shown to meet this standard. Defendants claim that the District Court made a specific finding that plaintiffs acted in bad faith. That overstates the holding. The District Judge wrote that '[t]he defendants at least acted in good faith. If the plaintiff intended to reserve the question of attorney fees without so advising the defendants, equivalent good faith appears to be lacking.' This falls short of a finding of bad faith. It merely states that if plaintiffs thought they were being sly by not explicitly releasing the attorney fees claim, they were acting in bad faith. There has been no holding that this was in fact the case.
 
 
 12
 The judgment of the District Court is affirmed in every respect.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation