**Michael Angelo BLACKWELL, by his surviving parents and next friends, J. Hugh BLACKWELL and Lillie Mae Blackwell, and Franklin Rivers, Plaintiffs,**

v.

**BOARD OF OFFENDER REHABILITATION, STATE OF GEORGIA, et al., Defendants.**

Civ. A. No. 482–323.

United States District Court,
S.D. Georgia,
Savannah Division.

May 22, 1985.

David Roberson, Savannah, Ga., for plaintiffs.

William Tinkler, George Weaver, Arthur H. Glaser, Atlanta, Ga., Ashley Royal, Macon, Ga., for defendants.

### ORDER

ALAIMO, Chief Judge.

All that remains in this case is the fallout from the plaintiffs' November 14, 1983, motion for attorney fees. That motion was denied on February 12, 1985. Now before the Court for disposition is the defendants' motion to recover from plaintiffs' attorney, David Roberson, the $10,969.83 in attorney fees, costs and expenses which the defendants expended in resisting the fee application. The Court is of the opinion that sanctions against Roberson for violating Fed.R. Civ.P. 11 are appropriate and shall, therefore, grant defendants' motion.

## FACTS

The complaint in this case was filed on July 27, 1982, seeking, *inter alia*, legal and equitable relief under 42 U.S.C. § 1983 for alleged violations by the defendants of rights guaranteed plaintiffs under the United States Constitution.

This civil rights action arose from events which occurred at the Georgia State Prison at Reidsville, Georgia ("the Prison"), on September 24, 1981. Michael Angelo Blackwell and Franklin Delano Rivers were then inmates at the Prison. At approximately 6:00 p.m. on the 24th, Blackwell and Rivers were attacked by three knife-wielding fellow inmates. Rivers was severely injured; Blackwell died as a result of his injuries. The defendants, former employees of the prison, were on duty and allegedly on the scene at the time of the attack. The complaint alleged that these employees violated plaintiffs' rights under the United States Constitution by having failed to act to prevent the attack.

After extensive discovery and pretrial motions, the case was settled. In September, 1983, as part and parcel of the settlement agreement, each plaintiff executed a document entitled "Release and Indemnity Agreement." *See* Affidavit of Arthur H. Glaser, Exhibits C & D (November 28, 1983). This document stated, in part, that "the undersigned, release, acquit and forever discharge ... [the defendants] ... from any and all claims, actions, causes of action ... [and] costs (including assessable court costs and attorneys' fees) ... which the undersigned now have or which may hereafter accrue on account of ... [the incidents which gave rise to CV 482–323]." It further specified that it included "any claims which were or could have been brought in Civil Action No. 482–323." This release was signed by each of the plaintiffs, which signatures were witnessed by their attorney, David Roberson.

On October 13, 1983, the case was dismissed with prejudice by Order of United States District Judge B. Avant Edenfield, of this district's Savannah Division. Judge Edenfield had presided over the case from its inception. The Order read:

### DISMISSAL WITH PREJUDICE

All parties to the above action having settled the case,

IT IS HEREBY ORDERED That the Plaintiffs' Complaint is hereby dismissed with prejudice with each of the parties to bear their own costs.

Plaintiffs' attorney, David Roberson, and all defendants' attorneys demonstrated their consent to the dismissal as ordered by undersigning this document.

On November 14, 1983, Roberson filed a motion for an award of attorney fees and costs pursuant to 42 U.S.C. § 1988. This motion made no mention of the releases which the plaintiffs had executed or of the dismissal Order's provision that the parties were to bear their own costs. Plaintiffs' motion and brief ignored these obstacles to recovery and argued only that prevailing § 1983 plaintiffs are entitled to fees under § 1988. The defendants responded on November 28, 1983, with a motion (1) to hold plaintiffs' counsel in contempt of court for having violated the terms of the dismissal Order, (2) to assess against plaintiffs' counsel the attorney fees, expenses and costs which the defendants expended in resisting the fee application, and (3) to require plaintiffs to tender the settlement proceeds.

After defendants' response, the case remained in abeyance for some time. On October 17, 1984, it was transferred to this Court for plenary disposition. The parties submitted a new round of briefs on their respective motions. At a November 5, 1984, status conference, Roberson stated that it would be impossible for the plaintiffs to return the settlement proceeds. This left pending only the fee motions and the defendants' motion to hold plaintiffs' counsel in contempt.

Upon careful consideration of the parties' briefs, the Court concluded that the plaintiffs' right to recover attorney fees and costs had been fully compromised in the settlement. Consequently, at a hearing on February 7, 1985, the Court denied

plaintiffs' motion for fees and costs. *See* Orders of February 12 (minute order) and February 14, 1985. At an April 17, 1985, hearing, the defendants withdrew their motion to hold plaintiffs' counsel in contempt. Thus, all that remains is defendants' motion for assessment against Roberson of the $10,969.83 in attorney fees, expenses and costs which the defendants expended in resisting the fee application.

The defendants request only the expenses which they incurred in resisting plaintiffs' motion for fees under § 1988. They urge that plaintiffs' motion was meritless and suggest three grounds for a sanction-type fee award. First, they submit that the Court should exercise against Roberson its inherent power to tax fees against counsel who have abused processes of the Court. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Second, defendants request a fee award pursuant to 28 U.S.C. § 1927, which permits a party to recover "the excess costs, expenses and attorney fees reasonably incurred" because of conduct by opposing counsel which "unreasonably or vexatiously" multiplies any proceedings. 28 U.S.C. § 1927 (1982). Movants assert that the most expansive basis of all for assessing fees against plaintiffs' counsel is Fed.R.Civ.P. 11. Because the Court shall grant the defendants' motion on the basis of Rule 11, it is unnecessary to discuss the other theories proposed by the defendants.

## DISCUSSION

Federal Rule of Civil Procedure 11 makes the following provision for the imposition of sanctions against an attorney:

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated... The signature of an attorney or party constitutes a certificate by him that he had read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11. The plaintiffs' motion for attorney fees and all of plaintiffs' briefs on the motion were signed by Roberson. Thus, only Roberson is subject to the Rule's sanctions.[1]

Plaintiffs' counsel's submissions to this Court on the fee application failed to satisfy Rule 11's standards for factual candor and legal reasonableness. The motion and brief of November 14, 1983, plaintiffs' first pleadings on the fee issue, completely failed to note that the plaintiffs had signed documents purporting to release the defendants from liability for costs and fees. Plaintiffs' counsel had himself signed the court's Order dismissing the case, which Order stated that the parties were to bear their own costs. Yet, this feature of the dismissal Order was not mentioned in plaintiffs' initial brief. Because it failed to address the effects of the settlement agreement on plaintiffs' rights to recover fees, plaintiffs' initial brief on the fee motion was simply beside the point.

---

**1.** While Rule 11 permits the imposition of sanctions against a represented party, the Court concludes that such sanctions would be inappropriate in this case. Defendants have not alleged, nor does it appear to the Court that the plaintiffs were aware of any deficiency in their fee application.

It is inconceivable that Roberson had, by November 14, 1983, forgotten the import of the documents which he and his clients had signed only a few weeks previously. His failure to have addressed the effects of the settlement was possibly an effort to buy time in which to devise an escape from them. Under Rule 11, the Court may not condone the use of such a delay tactic. Whatever the reason for the deficiencies, the Court is of the opinion that Roberson violated Rule 11 by failing to address in his November 14 brief the possible effects of the settlement on his clients' rights to a fee award. *See Silverman v. Center,* 603 F.Supp. 430, 432 (E.D.N.Y.1985) (plaintiffs' attorney's lack of candor in presenting the circumstances and legal proceedings which preceded the complaint warranted imposition of Rule 11 sanctions).

In his supplemental brief filed December 3, 1984, Roberson finally addressed the dispositive issue—the effect of the releases which his clients had signed. The Court ultimately denied plaintiffs' motion, rejecting the arguments made in the supplemental briefs. The Court now concludes that those arguments so lacked legal merit that submission of the supplemental briefs violated Rule 11.

As Rule 11 states, an attorney's signature on a motion certifies that the legal position espoused in the motion is "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." The standard is one of reasonableness under the circumstances. *See* Advisory Committee Notes of 1983 to Amended Rule 11, *reprinted in* 2A J. Moore & J. Lucas, Moore's Federal Practice ¶ 11.01[4] (2d ed. 1985). Thus, to apply Rule 11 to the case at bar, the Court must consider the reasonableness of plaintiffs' counsel's position in light of the circumstances in effect when he filed the fee motion and subsequent briefs.

The Court considers, first, that the language of the releases and the dismissal Order is unequivocal. They anticipate that the settlement includes any amount which the plaintiffs might have otherwise been able to collect in attorney fees and costs. Plaintiffs' counsel has not denied that this is the effect of the releases. Accordingly, when the settlement was consummated, the court and the defendants reasonably expected that the case was over. Yet, even as he signed the dismissal Order, Roberson apparently intended to seek by motion an additional $123,739 in attorney fees and costs. This disingenuous behavior ill-served the court's interest in efficiently and finally settling this dispute.

Moreover, the arguments which Roberson has offered in his effort to avoid the fee settlement are thoroughly specious. Plaintiffs' counsel cites no authority for his assertion that a prevailing § 1983 plaintiff may not compromise his attorney fees. *See* Plaintiffs' Supplemental Brief, at 9–11 (December 3, 1984). There exists a wealth of precedent indicating that attorney fees may be included in the settlement of a § 1983 action. *See Chicano Police Officers Association v. Stover,* 624 F.2d 127 (10th Cir.1980); *Mitchell v. City of Los Angeles,* 753 F.2d 86 (9th Cir.1984) (amended February 24, 1985); *Jennings v. Metropolitan Government of Nashville,* 715 F.2d 1111, 1113–14 (6th Cir.1983); *Brown v. General Motors Corporation,* 722 F.2d 1009, 1011–12 (2d Cir.1983); *El Club Del Barrio, Inc. v. United Community Corporations, Inc.,* 735 F.2d 98 (3d Cir.1984).

Equally unavailing is Roberson's claim that the settlement did not include fees attributable to gaining Rivers' August 1982 transfer from the Prison. The release which plaintiffs signed applied to "any claims which were or could have been brought in Civil Action No. 482–323." The fee related to gaining Rivers' transfer is plainly covered by this term of the release.

Plaintiffs' counsel finally contends that the fee settlement should be void because he was ethically barred from negotiating with the defendants as to his own fee. Roberson's argument is essentially that, by including attorney fees in the settlement offer, the defendants caused him to acquire a personal interest in the amount of his

clients' settlement. This argument ignores the fact that an attorney invariably has a personal interest in the size of the award which his or her client is to receive. This interest is particularly keen when the attorney is to be paid on a contingency basis. However, attorneys are not prohibited from entering into contingency agreements or, presumably, from settling cases which they have accepted on a contingency basis. *See* Model Code of Professional Responsibility EC5–7 and DR5–103(A)(2) (approving attorneys' taking cases on a contingent fee basis).

Even if Roberson believed that his loyalty to his clients had been jeopardized by defendants' lump-sum settlement offer, he was not entitled to lie behind the log while the settlement consummated and then seek fees in derogation of his clients' agreement. When Roberson permitted an Order to be entered dismissing the case, his right to submit a motion for fees ended. *See Mitchell v. City of Los Angeles, supra* (when an Order is entered dismissing a case with prejudice, with the parties to bear their own fees and costs, an attorney's power to move for fees under § 1988 disappears).

The Court is of the opinion that Roberson violated Rule 11 when he affixed his signature to the motion for attorney fees and to the subsequent briefs. In his initial brief, he inexplicably ignored the fact that his clients had settled their claims for attorney fees and costs. The arguments made in the subsequent briefs had no basis in existing law, nor in any reasonable view of the direction which the law should take.

Rule 11 states that a court *shall* impose sanctions upon violators, but leaves with the judge the discretion to tailor sanctions to the particular facts of the case. Moore's Federal Practice, *supra* at ¶ 11.10[4]. Defendants suggest that plaintiffs' counsel be made to repay the attorney fees, expenses and costs which defendants incurred in responding to the unmeritorious fee application. Such a sanction is specifically permitted by Rule 11, and the Court believes that it is an appropriate sanction in this case.

**CONCLUSION**

In accordance with the foregoing, the defendants' motion for the award of attorney fees, expenses and costs is hereby GRANTED.

Defendants' counsel have submitted affidavits showing that their reimbursable costs total $10,969.83. The Court has reviewed the affidavits and finds the amounts taxed reasonable. Accordingly, plaintiffs' counsel, David Roberson, is ORDERED to *personally* remit to defense counsel George Weaver the sum of $10,969.83, for distribution by Mr. Weaver of the appropriate amounts to the various defendants.