**Michael Angelo BLACKWELL, et al., Plaintiffs-Appellants,**

v.

**DEPARTMENT OF OFFENDER REHABILITATION, et al., Defendants-Appellees.**

No. 85–8892.

United States Court of Appeals, Eleventh Circuit.

Jan. 13, 1987.

As Amended Feb. 13, 1987.

David Roberson, Savannah, Ga., Betty Walker-Lanier, Tifton, Ga., for plaintiffs-appellants.

George M. Weaver, Atlanta, Ga., for defendants-appellees.

Before HILL and VANCE, Circuit Judges, and BROWN *, Senior Circuit Judge.

---

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

Appellants instituted an action pursuant to 42 U.S.C. § 1983 alleging the violation of certain of their civil rights. The case was subsequently settled, and as part of the settlement each appellant executed a release witnessed by their attorney, David Roberson, which provided in part that "the undersigned, release, acquit and forever discharge ... [the defendants] ... from any and all claims, actions, causes of action ... [and] costs (including assessable court costs and attorney's fees) ... which the undersigned now have or which may hereafter accrue on account of ... [the incidents which gave rise to the section 1983 action]," including "any claims which were or could have been brought in Civil Action No. 482–323 [the section 1983 action]."

Roberson later filed a Motion for Award of Costs and Attorneys' Fees pursuant to 42 U.S.C. § 1988. His initial brief in support of this motion made no mention of the releases executed by appellants, which expressly included attorney's fees and costs, or of the provision in the district court order dismissing the section 1983 suit that the parties bear their own costs. The district court [609 F.Supp. 772] concluded that Roberson's failure to address the language of the settlement agreement and the provisions in the dismissal order constituted a lack of factual candor, which merited the imposition of sanctions under Rule 11. 609 F.Supp. 772.

■ Roberson argues that his failure to disclose was not improper in this case, because the judge before whom he filed the motion for fees and costs was the same judge who had presided over and participated in the settlement conferences. We disagree with Roberson's assessment of his duty of candor. Roberson had the affirmative obligation in his initial filings, not just in his supporting briefs, to apprise the trial judge that although the settlement agreement foreclosed claims for attorney's fees as well as everything else, he nevertheless felt that he was entitled to attorney's fees under section 1988. The district court properly exercised its discretion in imposing Rule 11 sanctions on Roberson for his lack of factual candor in his original motion and brief. *See Itel Containers Int'l Corp. v. Puerto Rico Marine Mgt., Inc.,* 108 F.R.D. 96, 104 (D.N.J.1985) (counsel has duty to deal fairly and sincerely with court and opposing counsel).

The district court additionally concluded that the arguments Roberson made in his supplemental briefs in support of his motion so lacked legal merit that their submission also violated Rule 11. In these subsequent briefs, Roberson advanced three arguments contending that despite the terms of the settlement agreement he was entitled to seek attorney's fees and costs: (1) that public policy and congressional intent in enacting 42 U.S.C. § 1988 prevents litigants from settling claims for attorney's fees; (2) that success on the equitable claim of one appellant seeking a transfer to a different prison facility was outside the terms of the releases; and (3) that including attorney's fees within the settlement offer constituted an act of duress creating an ethical conflict between Roberson and his clients. We need not decide the merits of each of these arguments, except to say that we disagree with the district court that Roberson's contentions were so lacking in legal merit as to justify by themselves the imposition of Rule 11 sanctions. In fact, only during the pendency of this appeal has the Supreme Court reversed a decision of the Ninth Circuit Court of Appeals which had arguably supported Roberson's public policy and conflict of interest arguments. *See Jeff D. v. Evans,* 743 F.2d 648 (9th Cir.1984), *rev'd,* — U.S. —, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). Although the district court erred in concluding that Roberson's subsequent arguments violated the legal reasonableness requirements of Rule 11, we uphold its imposition of sanctions based upon the attorney's failure to discharge his duty of candor in ini-

**916**

tially not disclosing to the court the terms of the settlement.

■ Appellees request that we invoke Fed.R.App.P. 38, or in the alternative 28 U.S.C. § 1912, and award appellees double costs and the attorneys' fees incurred in defending the appeal. Fed.R.App.P. 38 provides: "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellees." 28 U.S.C. § 1912 provides: "Where a judgment is affirmed by the Supreme Court or a court of appeals, the court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs." While we uphold the district court's imposition of Rule 11 sanctions as to Roberson's conduct in pursuit of the underlying claim for attorney's fees in the section 1983 action, we do not deem this appeal regarding the scope and application of Rule 11 to warrant the application of either of these provisions.

The judgment of the district court is AFFIRMED.