820 F.2d 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adolph COOK, Plaintiff-Appellant,
v.
CITY OF EAST CLEVELAND, Defendant-Appellee.
 No. 86-3475
 United States Court of Appeals, Sixth Circuit.
 June 19, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and WOODS, District Judge*.
 PER CURIAM.
 
 
 1
 * Adolph Cook (Cook) filed a claim in federal court alleging employment discrimination and seeking attorneys fees, which was settled and dismissed with prejudice. Cook later moved the court to enforce the settlement and for further attorneys fees. The district court denied the motions and denied attorneys fees. Because we find that his motions did not gain him anything that he lacked, we affirm the decision of the district court.
 
 II
 
 2
 Cook was hired April 30, 1979 as a draftsman by the City of East Cleveland (the City). In March 1982, the City placed Cook, with other employees, on lay-off status for economic reasons. Cook was terminated in June 1982 for improper conduct as an employee. Cook filed a complaint in June 1982 with the Ohio Civil Rights Commission, alleging age and race discrimination in his termination. On September 2, 1982, Cook filed a complaint in federal district court, alleging violation of Title VII, 42 U.S.C. Sec. 2000(e), et seq. Process was served on September 24. Following preliminary investigation of the state complaint, the city signed an agreement on October 7, 1982, settling it by rescinding Cook's termination and restoring him to layoff status.
 
 
 3
 In May 1983, the parties appeared in district court to present a settlement of the federal claim, which restored Cook to lay-off status and paid his attorney $1,000. The court issued an order dismissing the cause of action with prejudice. On June 21, the district court denied Cook's motion to re-open the case. On December 12, Cook's motion to force compliance was denied. On February 21, 1984, the court denied Cook's motion to enforce the settlement. In September 1984, the City sent Cook a copy of proposed employee position changes, job descriptions, and job postings. On January 10, 1986, the court required the parties to inform him if Cook was not placed on the City's payroll within 30 days.[1] In February 1986, Cook was hired as a housing inspector, at an annual salary $3,000 lower than his salary as a draftsman. In March, he moved for back pay of $48,018, and for attorneys fees of $18,995. The district court denied these motions. This is an appeal from those denials.
 
 III
 
 4
 Cook argues that the district court's denial of back pay and attorneys fees is contrary to the objectives of Title VII, and thus beyond the district court's acceptable range of discretion. However, he places the cart before the horse. There has not been a trial on the alleged discrimination, the City does not admit discrimination, and Cook has not established that the City's actions violated the terms of either settlement.
 
 
 5
 The record contains a June 1983 affidavit from the City's Assistant Director of Law, swearing that the City has always rejected immediate reinstatement, and that its acceptance of the May 1983 settlement was absolutely conditioned upon continuing Cook on lay-off status rather then reinstating him to a full time employment, and a payment to his counsel of $1,000. The record does not show that Cook rebutted the affidavit before the district court, nor did he do so before this court.
 
 
 6
 Cook also argues that back pay is necessary to make him whole. If the terms of the settlement were violated, then this might be true. But neither the records nor the briefs demonstrate a violation. The district court denied that the City was in violation of the settlement agreement on three separate occasions, and has never ruled in his favor. This strongly suggests that the City was in compliance with the settlements. Cook does not offer any substantive argument that the district judge erred.
 
 
 7
 Following the settlement and dismissal, Cook retained only a state contract claim for any violation of the settlement. Thus, there is no reason for this court to grant Cook back pay.
 
 IV
 
 8
 In Johnston v. Jago, 691 F.2d 283 (6th Cir. 1982), this court adopted the test of Nadeau v. Helgemoe, 581 F.2d 275 (1st Cir. 1978), for the awarding of attorneys fees, which requires a causal link between a civil action and the relief achieved as a prerequisite. Although Johnston was a Sec. 1988 case, we suggested in Johnston that the same standard should apply in a Title VII case. Id. at 287.
 
 
 9
 In the present case, the record does not demonstrate a causal link between the civil action and the relief achieved. The record strongly suggests that Cook's return to lay-off status on October 7, 1982, was a result of the settlement of his complaint before the Ohio Civil Rights Commission. In his complaint in district court, Cook asked for declaratory judgment, with a preliminary and permanent injunction based upon racial and age discrimination; reinstatement; back pay; class action remedies for those similarly situated, and that the City maintain certain records. None of this relief was granted. The settlement of his federal complaint required only that he be put on lay-off status, and paid attorneys fees of $1,000. At best, Cook prevailed on one issue: reinstatement. Even on the reinstatement issue, he has not shown that the settlement of his law suit gained him anything he lacked, as the City had already agreed to reinstate him to lay-off status. Furthermore, any success in that effort was conclusively compensated by the $1,000 fee paid under the settlement. See Jennings v. Metropolitan Government of Nashville, 715 F.2d 1111 (6th Cir. 1983); Toth v. UAW, 743 F.2d 398 (6th Cir. 1984).
 
 
 10
 Thus, Cook has not carried his burden of proof under Johnston. He has failed to demonstrate that he was deprived of anything to which he was entitled. The decisions of the district court denying him back pay and attorneys fees are AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Despite all these proceedings, the record does not indicate that the district court ever revived Cook's cause of action following the May 1983 dismissal with prejudice. Although the record is not entirely clear, if the district court did not revive Cook's cause of action, then this court cannot have jurisdiction. The district judge's final instructions were to inform him if Cook were not reinstated. This does not necessarily indicate that Cook's cause of action was revived. Although Cook might have a state contract claim for any violation of the settlement, he did not argue such a theory before the district court or this court