822 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert FULFORD, Plaintiff-Appellant,
v.
FOREST HILLS EAGLE SUPERMARKET, et al., Defendants-Appellees.
 No. 86-3407
 United States Court of Appeals, Sixth Circuit.
 July 14, 1987.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Robert Fulford, a black male, was fired on June 14, 1983, by the appellee, Forest Hills Supermarket, and replaced by a Lebanese. Fulford complained to the Equal Employment Opportunity Commission and was issued a right to sue letter. Fulford then sued in the United States District Court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (1982), but the parties settled on the date set for trial, May 20, 1985. In return for $10,000, Fulford signed a 'Release' dated June 12, 1985, 'fully and forever releas[ing] and discharg[ing]' the Forest Hills Supermarket, Inc. and Issa Harb, together with their 'heirs, administrators, executors, successors, assigns, employees,' from 'any and all claims, demands, damages, actions, rights of actions of whatever kind or nature for any and all past, present and future damages of any nature whatsoever including, but not limited to those arising out of or from the employment of Fulford with Forest Hills Supermarkets, Inc., and his termination of employment therefrom and, further, any and all claims as asserted in the action filed by Fulford in the United States District Court . . ..' The release was filed with the district court on June 17, 1985, and the court dismissed the suit with prejudice with costs to the defendant. The court's order required the defendants to give Fulford a neutral reference letter.
 
 
 2
 Although the release was signed by both Fulford and his attorney, Antonio Sweeney, 8 months later Fulford sued in the district court for $33,622.50 in attorney's fees. On April 14, 1986, the district court denied the motion, without findings of fact pursuant to Fed. R. Civ. P. 52(a). Fulford appeals, claiming that he is a prevailing party in the employment discrimination suit, and now seeks $56,835.00. The appellees cross-appeal for costs and attorney's fees in defending this appeal under Fed. R. App. P. 38. We AFFIRM.
 
 
 3
 On appeal, Fulford argues that: (1) his lawsuit caused the settlement award and he is therefore a prevailing party within the meaning of Title VII; (2) he is entitled to attorney's fees under Title VII regardless of the settlement award because that statute gives him 'prevailing party' status; and (3) the settlement agreement did not extinguish his rights to attorney's fees. We agree with Fulford that the lawsuit caused the resolution of the dispute in his favor, see Johnston v. Jago, 691 F. 2d 283 (6th Cir. 1982) (42 U.S.C. Sec. 1988)[1], because the employer neither offered to pay money nor did he provide Fulford with a reference letter before the lawsuit. Both of these conditions of the settlement benefited Fulford.
 
 
 4
 The major obstacle to the attorney's fees award Fulford seeks is the sweeping nature of the release he signed as part of the settlement. While a settlement, without more, could make the plaintiff a 'prevailing party,' so as to justify an award of fees under Sec. 706(k) of the Civil Rights Act, we have previously held that the statutory entitlement to attorney's fees may be compromised by the intent of the parties to a settlement agreement to release the defendant from all claims of any kind. Toth v. U.A.W., 743 F. 2d 398 (6th Cir. 1984); Jennings v. Metropolitan Government of Nashville, 715 F. 2d 1111 (6th Cir. 1983). The legislative history of the Civil Rights Attorney's Fees Act, 42 U.S.C. 1988 (1982 & Supp. III 1985), which is practically identical with Section 706(k), reveals a similar intention.[2]
 
 
 5
 In Jennings, this court held that a release given by the Metropolitan Government of Nashville for itself and on behalf of a deputy sheriff had to be interpreted to preclude attorney's fees in an action under 42 U.S.C. Sec. 1981, because the release was a complete release, and furthermore, that on an examination of the circumstances of the parties' intention, 'the record here permits only the single inference that the parties agreed to settle their dispute in full.' Jennings, 715 F. 2d at 1114. In Toth, we applied the Jennings rule to a release given in settlement of an employee's Taft-Hartley Act claim against the employer for payment of money to influence union officials. Toth, 743 F. 2d at 407.
 
 
 6
 Fulford argues that the policies supporting an award of fees to civil rights plaintiffs in general, such as the court recognized in Johnston v. Jago, 691 F. 2d 283 (6th Cir. 1982) establish his entitlement to attorney's fees here, despite the settlement. However, the language of the settlement intervenes. It is complete and plenary ('all claims . . . of whatever kind for any . . . damages of any nature whatsoever . . ..'). To allow attorney's fees to this plaintiff in the face of such language would make it impossible to devise a complete settlement of claims. A defendant who settled would thus always remain potentially liable for additional outlays, which would certainly deter the compromise of claims. Such an outcome would be contrary to the policy of the Civil Rights Act, See Evans v. Jeff D., 475 U.S. ----, 106 S.Ct. 1531 (1986), and is certainly not required by it. Cf. Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012 (1985) (Fed. R. Civ. P. 68).
 
 
 7
 Appellees argue that they are entitled to their attorney's fees and costs in defending this appeal. While Fulford's argument is weak, there is no evidence that he acted in bad faith or with improper motive in frivolous circumstances in bringing the lawsuit for attorney's fees or prosecuting this appeal. Fed. R. App. P. 38; Annotation, Award of Damages or Costs Under 28 U.S.C.S. Sec. 1912 or Rule 38 of Federal Rules of Appellate Procedure, Against Appellant Who Brings Frivolous Appeal, 67 A.L.R. Fed. 319 (1984). Therefore, we deny appellees' request.
 
 
 8
 The decision of the district court is affirmed.
 
 
 
 [1]
 The language of 42 U.S.C. Sec. 1988 and section 706(k) is practically identical. Both statutes provide that '. . . in any action or proceeding to enforce a provision of [the law in question] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.'
 
 
 [2]
 S.Rep. No. 94-1011, p. 5 (1976), reprinted in U.S. Code Cong. & Adm. News 1976, p. 5908; see also H.R. Rep. No. 94-1558, pp. 5 and 8, n.16; Maher v. Gagne, 448 U.S. at 132 n.15 (1980); Evans v. Jeff D., 106 S.Ct. 1531, 1536 nn.8, 9 (1986)