Donna McCUISTON, Rick Miazga,
and Ava Miller, Plaintiff,

v.

C.B. CONDER, a/k/a "Doc" Conder;
and International Brotherhood of
Teamsters, AFL–CIO, a Labor Organi-
zation, Defendant.

No. CIV 04–70047.

United States District Court,
E.D. Michigan,
Southern Division.

July 8, 2005.

Barbara M. Harvey, Detroit, MI, for
Plaintiff.

Wayne A. Rudel, Rudell & O'Neill,
Dearborn, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

On April 11, 2005, this Court filed a
stipulated consent judgment. Plaintiffs
now move for attorney's fees and costs.
Defendants have submitted their Objec-
tions to the Taxed Bill of Costs and Sup-
porting Memorandum. For the reasons
stated below, I DENY Plaintiffs' motion
for attorney's fees and costs and I do not
address Defendants objections as those ob-
jections are moot.

## I. FACTUAL BACKGROUND

On April 11, 2005, this Court filed a
stipulated consent judgment:

Upon stipulation of all parties, the Plain-
tiffs in this case, Donna McCuiston, Rick
Miazga, and Ava Miller, shall have the
right to observe the counting of ballots
on any future referenda approving a
contract in which Plaintiffs are eligible
to vote. This is a final order of the
court, disposing of all remaining claims
in this action.

*McCuiston v. Conder,* No. 04–70047,
(E.D.Mich. Apr. 11, 2005). On April 25,
2005, Plaintiffs moved for attorney's fees
and costs. (Pl.'s App. for Fees at 14.)

## II. ANALYSIS

Plaintiffs argue that they are entitled to
attorney's fees pursuant to 29 U.S.C.
§ 412. (Pl.'s App. for Fees at 2.) That

section permits a court to award to a plaintiff relief "as may be appropriate" for violations of the Labor–Management Reporting and Disclosure Act ("LMRDA"). 29 U.S.C. § 412. The U.S. Supreme Court stated that an exception to the American rule disfavoring the allowance of attorney's fees exists where a plaintiff's:

> successful litigation confers "a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them."

*Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); quoting *Mills v. Elec. Auto–Lite*, 396 U.S. 375, 393–394, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).

The Third Circuit Court of Appeals held that a plaintiff may recover attorney's fees under the LMRDA, where a plaintiff is the prevailing party and his lawsuit provides a "common benefit to all union members." *Ruocchio v. United Transp. Union, Local 60*, 181 F.3d 376, 388 (3d Cir.1999). In *Brown v. Local 58, Intern. Broth. of Elec. Workers*, 76 F.3d 762, 770–771 (6th Cir. 1996), the Sixth Circuit Court of Appeals clarified that "a plaintiff need not prevail on the merits to qualify as a 'prevailing party' for the purpose of an award of attorneys' fees and costs." (Citations omitted).

### A. Waiver of Attorney's Fees

■ Defendants argue that this Court's final order disposed of Plaintiffs' claim to any attorney's fees. (Def.s' Resp. at 5.) Defendants reason that this order "dispos[ed] of all remaining claims in this action[,]" and this phrase should be construed plainly as a waiver of any claims that Plaintiffs could make regarding attorney's fees. (Def.s' Resp. at 5.) Two cases from the Sixth Circuit Court of Appeals support Defendants' contention. The Sixth Circuit stated that a plaintiff "made a final disposition of all claims, including any request for attorneys' fees, regardless of whether or not such fees were specifically mentioned in that agreement[,]" where the plaintiff had signed a settlement agreement that stated "This agreement constitutes the *full and complete* settlement of *all* claims[.]" *Toth v. UAW*, 743 F.2d 398, 406–7 (6th Cir.1984) (emphasis in the original). Similarly, in *Jennings v. Metro. Gov't of Nashville*, the Sixth Circuit held that where the parties intended a settlement agreement to be the final disposition of all claims such an agreement precludes a subsequent award of attorney's fees.[1] 715 F.2d 1111, 1114 (6th Cir.1983) (despite the agreement's silence regarding attorney's fees, the court was able to determine the parties' intent because the record permitted drawing only one inference).

Plaintiffs claim that pursuant to *Brown* they were not required to request that this Court "reserve jurisdiction over a post-judgment fee proceeding, even after voluntary dismissal[.]" (Pl.s' Reply at 1; *citing Brown*, 76 F.3d at 766–7.) Plaintiffs also cite *Brown* for the proposition that the consent judgment did not need to state that Plaintiffs reserved an intent to seek attorney's fees because the complaint gave notice of Plaintiffs' demand for attorney's fees. *Id.* at 1. However, the Sixth Circuit's holding in *Brown* is distinguishable from the case at hand. *Brown* is limited to those cases in which a plaintiff voluntarily dismisses its case pursuant to Fed.R.Civ.P. 41(a). *Id.* at 767. Plaintiffs did not volun-

---

1. The Eighth Circuit Court of Appeals' holding in *Wray v. Clarke* also supports Defendants' argument that Plaintiffs may not now seek attorney's fees where Plaintiffs failed to make such a reservation in the final order. 151 F.3d 807, 809 (8th Cir.1998) (holding that silence may constitute a party's waiver of their right to collect attorney's fees).

tarily dismiss their case, rather Plaintiffs and Defendants stipulated to a consent judgment and a final order "disposing of all remaining claims in this action." *McCuiston*, No. 04–70047, (E.D.Mich. Apr. 11, 2005). Therefore, Plaintiffs' reliance on *Brown* is misplaced.

 Plaintiffs also cite *Jennings*, 715 F.2d at 1114, for the proposition that a settlement agreement which is silent regarding the issue of attorney's fees does not necessarily equate to the parties' waiver of those fees. (Pl.'s Reply at 2.) Plaintiffs ignore the full holding of the Court of Appeals in that case. The Sixth Circuit stated that parties do not need to have a separate agreement on each aspect of their claims to reach a settlement in full. *Jennings*, 715 F.2d at 1114. Therefore, a district court in determining whether a settlement agreement precludes a subsequent award of attorney's fees should consider "whether the parties intended the settlement to be a final disposition of all claims[.]" *Id.* at 1114. In the case at hand, the consent judgment stated "This is a final order of the court, disposing of all remaining claims in this action." *McCuiston*, No. 04–70047, (E.D.Mich. Apr. 11, 2005). This comprehensive language in the stipulated consent judgment demonstrates that the parties intended to reach a settlement in full. The language of the stipulated consent judgment is nearly identical to the language that the Sixth Circuit used in *Jennings*.[2] 715 F.2d at 1114. Therefore, I believe that the stipulated consent judgment demonstrates the par-

ties' clear intent to reach a settlement in full.

Thus, I DENY Plaintiffs' motion for attorney's fees and costs.

## III. CONCLUSION

Having concluded that the stipulated consent judgment demonstrates the parties clear intent to reach a settlement in full, I DENY Plaintiffs' motion for attorney's fees and costs. Having denied Plaintiffs' motion for attorney's fees and costs Defendants' Objections to the Taxed Bill of Costs and Supporting Memorandum are moot.

---

**2.** Plaintiffs claim that courts have been reluctant to "infer a waiver of fees from silence in a settlement agreement[,]" admittedly, Plaintiffs cite to no LMRDA cases that support this proposition. (Pl.s' Reply at 4.) Plaintiffs' reference to *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, demonstrates some judicial reluctance to find that parties waived attorney's fees, where the record is "silent."

875 F.2d 695, 698 n. 5 (9th Cir.1989). However, as stated above, the stipulated consent agreement is not "silent" with regard to attorney's fees, to the contrary, this Court's language clearly disposes of "all remaining claims" and does not require this Court to make any inferences. *McCuiston*, No. 04–70047, (E.D.Mich. Apr. 11, 2005).