**EL CLUB DEL BARRIO, INC., on behalf of themselves and all other persons similarly situated, Percy Bou, Roberto De La Cruz, Victor Marrero, Freddy Natal, Nilsa Ruiz, Francisco Segarra, and Evelyn Valez, individually and on behalf of all others similarly situated, Appellants,**

v.

**UNITED COMMUNITY CORPORATIONS, INC., Kenneth Gibson, Mike Rodriguez, Edna Thomas, Ramon Rivera, Fred Butler, and Junius Williams, as members of the United Community Corporation Select Committee, Individually and as Mayor of the City of the City of Newark, Appellees.**

No. 83–5121.

United States Court of Appeals,
Third Circuit.

Argued Jan. 26, 1984.

Decided May 30, 1984.

---

Ignacio Perez (argued); Puerto Rican Legal Defense and Education Fund, Inc., New York, N.Y., for appellants.

Maurice R. Strickland (argued), Horowitz, Bross, Sinins & Imperial, P.A., Newark, N.J., for appellee United Community Corporation.

John J. Teare, Corporation Counsel, John C. Pidgeon, First Asst. Corporation Counsel (argued), Dept. of Law, Newark, N.J., for appellee Kenneth A. Gibson.

Before GIBBONS and BECKER, Circuit Judges, and DUMBAULD, District Judge.*

* Honorable Edward Dumbauld, United States District Judge for the Western District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

BECKER, Circuit Judge.

The issue on appeal is whether the failure of the parties to a civil rights suit to have provided for attorneys fees in a written settlement agreement creates a "special circumstance" depriving a prevailing plaintiff in the underlying action of its right to reasonable attorneys fees under 42 U.S.C. § 1988 (1976). We hold that it does not, even where the parties discussed but were unable to agree on attorneys fees during settlement negotiations. Rather, the burden is on the losing party to show that the settlement agreement clearly waived the statutory right to attorneys fees. Accordingly, we reverse the judgment of the district court, which held to the contrary, and remand for further proceedings.

I.

The merits of litigation underlying the present dispute is not of importance for purposes of this appeal. Briefly put, it involved a claim by plaintiff El Club Del Barrio, a putative class representative of Hispanic citizens in Newark, New Jersey, that Hispanics were entitled to greater participation in the affairs of the defendant United Community Corporation, a quasi-governmental corporation in Newark.[1] Plaintiff also sued Kenneth Gibson as Mayor of Newark. A settlement embodied in a consent decree was reached under which the plaintiff El Club Del Barrio was the prevailing party.

Having prevailed in the underlying litigation, El Club Del Barrio then brought a suit for attorneys fees under 42 U.S.C. § 1988 against defendants United Community Corporation and Mayor Gibson. Among the defenses offered by the defendants was that plaintiff had waived its rights to attorneys fees by its conduct during settlement negotiations. Specifically, defendants ar-

1. The original complaint filed in the case requested reasonable attorneys fees.

gued that in an original draft of the settlement agreement plaintiff had provided that dismissal of its action would be without prejudice to its right to seek attorneys fees, but when defendants objected to this provision, the plaintiff withdrew it. The final settlement agreement and consent order thus simply provided for dismissal of the underlying action with prejudice and was silent on the issue of attorneys fees. In defendant's submission, this silence, coupled with the conduct at the settlement negotiations, shows that the plaintiff waived its right to attorneys fees.

The plaintiff does not dispute that an earlier settlement draft reserved the right to seek attorneys fees and that the final agreement did not do so. Plaintiff contends, however, that its withdrawal of the attorney fee provision did not constitute a waiver of its right to seek such fees, and that, because of the policy of the Civil Rights Attorney's Fees Awards Act of 1976 (§ 1988), it was entitled to pursue its claim. Moreover, plaintiff argues this withdrawal was a response to this court's holding in *Prandini v. National Tea Co.,* 557 F.2d 1015 (3d Cir.1977), that, because of the conflict of interest between the attorney and his client that would otherwise result, an attorney could not press for attorney fees during settlement negotiations if the opposing party refused to pay for them. In plaintiff's view, it had no choice but to withdraw the demand for attorneys fees.

The magistrate assigned by the district court made two critical findings in holding for the defendants. First, she found that "the defendants were misled and reasonably believed that the issue of attorneys fees had been removed from the case when reference to fees was removed from the form of consent order." Second, she found that "even if the issue had not been mentioned at all during the settlement negotia-

tions, the failure to reserve the issue in the consent judgment should result as a matter of law in the denial of fees to the applicant." The district court approved the recommendation of the magistrate and adopted the opinion of the magistrate as the opinion of the court.

## II.

Our evaluation of the issue in this case is guided primarily by the Supreme Court's decisions in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), and *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). These cases hold that a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render an award unjust." *Hensley,* 103 S.Ct at 1937. Our evaluation is also guided by the need for simplicity in this area.

We do not think that the presumption of *Newman* and *Hensley* would be well served by the district court's rule that silence in the settlement agreement waives the right to recover under section 1988. This "silence equals waiver" rule, which the district court applied to bar this section 1988 suit, pays inadequate attention to the presumption established in *Hensley* and *Piggie Park* in favor of prevailing civil rights plaintiffs. Nor do we think that the significance of silence should be determined by an examination of extrinsic evidence such as the course of negotiations. This "course of negotiations" rule, which was also found by the district court to bar recovery, perhaps pays adequate deference to the spirit of *Hensley* and *Piggie Park,* but unnecessarily complicates litigation.[2] Requiring the district court to inquire into the circumstances of settlement negotiations and to determine who said what to whom when seems a pointless exercise

---

**2.** While we might consider ourselves bound by the district court's waiver finding were it supported, it is plain from the record that the sole underpinning of the finding is the magistrate's legal conclusion that the parties had a right to rely on the "silence equals waiver" rule. Since that principle is flawed, the finding need not be heeded.

where observance of a formality will suffice.

It would thus seem that the best rule of law would be one that places the burden on the party losing the underlying litigation. If the parties cannot agree on counsel fees and the losing party wishes to foreclose a suit under section 1988 for attorneys fees, it must insist that a stipulation to that effect be placed in the settlement agreement. We so hold.[3] Since no such stipulation appears in the settlement agreement here, we will reverse the judgment of the district court and remand for proceedings to determine the appropriate fee award.

---

**3.** The defendants object that, as a practical matter, this requirement will prevent many settlements and will thus interfere with efficient resolution of civil rights disputes. Their argument is based on *Prandini v. National Tea Co.,* 557 F.2d 1015 (3d Cir.1977), in which this court held that, because of the conflict of interest between the plaintiff class and the class counsel that would otherwise result, simultaneous negotiation of disposition on the merits and of attorneys fees is impermissible. It is understandable that many defendants will want to settle the entire case, not just part of it, and therefore will be unwilling to settle the underlying claim without also resolving counsel fees, which sometimes exceed plaintiff's recovery. Defendants argue that, since plaintiffs will not wish to get caught with their fingers in the *Prandini* pie by signing a settlement agreement that simultaneously resolves the merits and counsel fees, and since defendants, who often have limited budgets and a fairly fixed sum to allocate to lawsuits, will not be as willing to settle cases if they cannot condition settlement on a waiver of attorneys fees, our rule that waiver must be made explicit, coupled with *Prandini,* will result in fewer settlements.

Certainly it would not fulfill the overall goals either of the civil rights laws generally or of 42 U.S.C. § 1988 in particular to unduly inhibit consensual resolution of disputes. The problem with defendants' objection, however, is that *Prandini's* side effect of deterring settlements is not altered by the consequences courts attach in suits under section 1988 to the earlier failure to have explicitly resolved attorneys fees issues. The rule we announce today (and the contrary rule announced by the magistrate and advocated by defendants) determines only who will bear the costs of *Prandini,* i.e. will the plaintiff be deemed to have waived his statutory right to reasonable attorneys fees because *Prandini* barred him from negotiating about them, or will defendants be unable to secure a waiver or settlement of attorneys fees because *Prandini* barred the plaintiff from discussing them and because the court will not recognize a waiver under such circumstances?

We believe, therefore, that defendants' real complaint is with *Prandini* itself. They are not alone in this regard, *see* A. Miller, *Attorneys' Fees in Class Actions* 224 (1980); Comment *Settlement Offers Condition upon Waiver of Attorney's Fees,* 131 U.Pa.L.Rev. 793, 803–05 (1983); Note, *Attorney's Fees—Conflicts Created by the Simultaneous Negotiation of Settlement of Damages and Statutorily Authorized Attorney's Fees in a Title VII Class Action,* 51 Temple L.Q. 799 (1978), and *Prandini* may be, as suggested by defendants' counsel, "more honored in the breach." But the vitality and scope of *Prandini* are not before this court today.