**NATIONAL SENIOR CITIZENS LAW CENTER, et al., Plaintiffs–Appellants,**

v.

**SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 87–6285.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 1988.

Decided June 10, 1988.

Gill Deford, National Senior Citizens Law Center, Los Angeles, Cal., for plaintiffs-appellants.

George H. Wu, Asst. U.S. Atty., Civ. Div., Los Angeles, Cal., for defendant-appellee.

Before HUG, KOZINSKI and THOMPSON, Circuit Judges.

PER CURIAM:

We consider whether parties bringing an individual action against the government may, in their settlement agreement, effectively waive their right to recover attorney's fees.

### Facts

This dispute is collateral to a 15–year old class action brought by the National Senior Citizens Law Center (the Law Center), a non-profit public interest organization representing elderly poor in a suit involving a pension plan. *See Ponce v. Construction Laborers Pension Trust*, No. CV–76–2856–RMT (C.D.Cal.) and *Harrison v. Construction Laborers Pension Trust*, No. CV–81–0591–RMT (C.D.Cal.). In order to notify certain unnamed class plaintiffs about the proposed class action settlement, the Law Center made an informal request on January 21, 1987, addressed to Bernie Ohlers of the Social Security Administration (SSA); the request sought the names and addresses of all construction laborers who worked in Southern California between 1962 and 1976. The Law Center followed up with a letter three weeks later which it described as "a supplement to [its] earlier ... request." Excerpts of Record at 14. The SSA claims that it did not interpret either the first letter or this follow-up as a Freedom of Information Act request and therefore did not act upon it. Plaintiffs nevertheless brought this lawsuit under the Freedom of Information Act, 5 U.S.C. § 552 (1982 & Supp. IV 1986), on March 23, 1987, and made an ex parte application for a hearing on their request soon thereafter.

SSA responded to the Law Center's request on April 6, 1987, and again in its opposition to the plaintiffs' preliminary in-

junction motion on April 13, 1987. In both responses, SSA argued that compliance with the Law Center's request would invade the privacy of the retired construction laborers and suggested that there were other avenues plaintiffs might pursue to notify these putative class members. The parties met on April 17, 1987, in an effort to settle the dispute. Having reached agreement as to all aspects of the settlement except the provision which stated that "each side will bear their own ... attorney's fees[,]" the parties met again on April 22, 1987. At that time, the parties agreed on a final settlement which included the provision mutually waiving attorney's fees. They did not condition the waiver of fees on any subsequent approval of such waiver by the district court.

SSA provided the Law Center with a list of names by the end of the first week of May 1987. On May 29, plaintiffs filed a motion seeking attorney's fees notwithstanding the stipulated waiver. The district court denied this request on July 10, 1987.

### Discussion

The substance and meaning of the fee waiver provision in the final settlement agreement is undisputed. Nevertheless, plaintiffs contend that the district court should have approved their fee request because defendants had no realistic defense on the merits of the underlying dispute and, therefore, under the rationale of *Evans v. Jeff D.*, 475 U.S. 717, 739–40, 106 S.Ct. 1531, 1543–44, 89 L.Ed.2d 747 (1986), the fee waiver is invalid.[1]

*Evans v. Jeff D.* was a class action between the State of Idaho and hundreds of mentally handicapped children who used educational and health care services provided by the state.[2] The settlement agreement there at issue grew out of a long process of negotiation and compromise between the parties, a process supervised by the district court. The final agreement provided that " '[p]laintiffs and defendants shall each bear their own costs and attorney's fees thus far incurred, *if so approved by the Court.*' " *Evans*, 475 U.S. at 722 n. 5, 106 S.Ct. at 1535 n. 5 (emphasis added). As the emphasized language suggests, the waiver of attorney's fees was conditioned on approval by the district court; plaintiff reserved the right to challenge the validity of the fee waiver provision. *Id.*

Here, however, the fee waiver was unconditional; court approval was not required; and plaintiffs gave no indication that they would challenge the validity of the provision until they petitioned for fees on May 29, 1987. Plaintiffs dispute this characterization of their conduct, principally relying on a letter dated April 20, 1987, in which they offered to "leave[ ] the question of attorney fees and costs open so the Judge can determine our entitlement (if any)." Plaintiffs–Appellants' Motion to Correct and to Modify the Record on Appeal, Exhibit A (Dudovitz letter) at 2.[3] This statement raises precisely the opposite inference from that suggested by plaintiffs. The letter was sent during the course of settlement and reflects plaintiffs' negotiating position. Defendant evidently had a different position. The final agreement embodies defendant's position, not plaintiffs'. The Dudovitz letter thus shows quite clearly that the possibility of submitting to the court the question of attorney's

---

1. In *Evans,* the Court noted in dicta that district courts reviewing class action settlements may have a duty to disapprove the settlement where "the defendant had 'no realistic defense on the merits,' or if the waiver was part of a 'vindictive effort ... to teach counsel that they had better not bring such cases.'" 475 U.S. at 740, 106 S.Ct. at 1544 (citations and footnote omitted).

2. Because *Evans* involved a class action, the Court had no occasion to decide whether the exceptions, if they exist, apply in cases not involving class actions. *See Evans,* 475 U.S. at

729, 106 S.Ct. at 1538 ("[t]he question this case presents, then, is whether the Fees Act requires a district court to disapprove a stipulation seeking to settle a civil rights class action under Rule 23...."). We have since left this question open, *see Willard v. City of Los Angeles,* 803 F.2d 526, 527–28 (9th Cir.1986), and do so again today.

3. We hereby grant plaintiffs' motion to supplement the record on appeal by adding the Declaration of Neal S. Dudovitz and the letter attached to it.

fees was considered and rejected by the parties.

Had plaintiffs wished to preserve their right to litigate the validity of the attorney's fees waiver, they could have made the settlement agreement conditional on approval of the district court. This was, essentially, the situation in *Evans*. If the court then ruled one or more of the provisions invalid, the parties could decide whether to proceed with the settlement minus the invalid term, to renegotiate, or to abandon the settlement altogether. By failing to require district court approval, however, plaintiffs have waived their right to challenge the fee waiver.

AFFIRMED.