**Donald H. WAKEFIELD and Barry J. Smith, Plaintiffs–Appellants,**

v.

**Harold E. MATHEWS, et al., Defendants–Appellees.**

No. 87–2212.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1988.

Decided July 22, 1988.

Maxim N. Bach and Robert R. Radcliffe, Oroville, Cal., for plaintiffs-appellants.

Carl J. Calnero, Porter, Scott, Weiberg & Delehant, Sacramento, Cal., for defendants-appellees.

Before GOODWIN, SCHROEDER and POOLE, Circuit Judges.

SCHROEDER, Circuit Judge:

The underlying action was a suit by employees of a school district claiming employment discrimination on the basis of age and race in violation of 42 U.S.C. § 1983. The parties settled the underlying claims and executed a written settlement agreement. The plaintiffs then applied for attorneys' fees pursuant to 42 U.S.C. § 1988, which authorizes attorneys' fees to prevailing parties in civil rights cases. The district court denied the application, holding that the plaintiffs had waived the right to attorneys' fees in the settlement agreement. Plaintiffs appeal from the order denying fees. In the six page settlement agreement, the defendant agreed to pay $33,000.00 to plaintiff Wakefield and $5,000.00 to plaintiff Smith. The agreement provided a detailed release by the

plaintiffs in which they released defendants from:

> any and all manner of action or actions, causes or causes of action, in law or in equity, suit, debts, liens, contracts, agreements, promises, liabilities, claims, rights, obligations, demands, damages, including punitive damages, injuries, debts, losses, *costs or expenses of any nature whatsoever, known or unknown, fixed or contingent* ..., which [plaintiffs] now [have] or may hereafter have against each or any of the [defendants] arising out of, or what might be considered to arise out of or in any way connected with the aforementioned lawsuit or the conduct of [defendants] to date. (emphasis added).

The agreement itself did not contain the phrase "attorneys' fees." However, when plaintiffs applied for attorneys' fees following settlement, defendants contended that the parties discussed the matter of fees during settlement negotiations and that the agreement was intended to release defendants from liability for attorneys' fees.

The fees question was heard by the district judge who had conducted the settlement conference. The district judge relied upon the terms of the release and, in addition, his usual practice during settlement of civil rights cases of expressly referring any unwaived fee question to the trial court. There was no such referral here. Based on its usual practice and the breadth of the release, the district court found that the appellants in fact intended to waive attorneys' fees and the court therefore denied appellants' application.

■ The federal courts have recognized since the passage of section 1988 nearly ten years ago that Congress intended to make the courts more accessible by providing for fees in the normal course to successful civil rights litigants. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983); *Jeff D. v. Evans,* 743 F.2d 648, 651 (9th Cir.1984), *vacated,* 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); *Dennis v. Chang,* 611 F.2d 1302, 1305–06 (9th Cir.1980). Prevailing plaintiffs include those who have negotiated successful settlements. *Maher v.*

*Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574, 65 L.Ed.2d 653 (1980). There is no question that appellants were entitled to attorneys' fees in this case unless there was a waiver.

Settlements of attorneys' fees claims in civil rights cases have raised some troublesome issues. Prior to the United States Supreme Court's decision in *Evans v. Jeff D.,* 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986), vacating *Jeff D. v. Evans,* 743 F.2d 648 (9th Cir.1984), this Circuit disapproved negotiating settlement of the merits of civil rights claims at the same time as settlement of attorneys' fees. *Jeff D. v. Evans,* 743 F.2d at 650; *Mendoza v. United States,* 623 F.2d 1338, 1352–53 (9th Cir. 1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981). We approved the reasoning of the Third Circuit in *Prandini v. National Tea Co.,* 557 F.2d 1015 (3d Cir.1977). The *Prandini* decision observed that negotiation of a fee contemporaneously with the settlement of the merits creates a conflict between the attorney and his or her client because the attorney has a financial stake in the negotiations. *Id.* at 1021. Because of this conflict, the Third Circuit in *Prandini* ruled that parties could negotiate attorneys' fees only after court approval of the settlement of the underlying action. *Id.* If this case had been settled before the Supreme Court's decision in *Evans v. Jeff D.,* there could have been no valid waiver of fees in this agreement.

In *Evans v. Jeff D.,* however, the Supreme Court held that simultaneous settlement of the merits and attorneys' fees is appropriate and that plaintiff's counsel may waive attorneys' fees in such settlement negotiations. 475 U.S. at 728, 106 S.Ct. at 1537. It held that such a waiver is enforceable even if it is made under protest as a condition of the defendant's acceptance of a settlement favorable to plaintiff's attorney's clients. *Id.* at 729, 106 S.Ct. at 1538. Settlement in this case was negotiated after the Supreme Court's decision in *Evans v. Jeff D.* There was, therefore, no legal impediment to an unconditional waiver as part of the settlement of the underlying claims. *See National Senior Citizens Law Center v. Social Security Admin.,* 849 F.2d 401 (9th Cir.1988). The question

before us is thus whether there was a waiver.

Appellants contend that a settlement agreement, as a matter of law, should not be interpreted as including a waiver of attorneys' fees unless the agreement expressly contains a waiver of "attorneys' fees" *in haec verba*. In support of this view, plaintiffs rely upon decisions of the Third Circuit which have held that when a settlement agreement is silent as to attorneys' fees, the court may not find a waiver of attorneys' fees. *Ashley v. Atlantic Richfield Co.*, 794 F.2d 128, 140 (3d Cir. 1986); *El Club Del Barrio, Inc. v. United Community Corps., Inc.*, 735 F.2d 98, 100 (3d Cir.1984).

■ The most serious weakness in appellants' position is that the settlement agreement in this case is not "silent" in the same manner that the agreements in those cases were. The agreements in both *Ashley* and *El Club Del Barrio* contained general releases of all claims and costs. In this case, however, we have an express release not only of all claims and elements of damages, but of any "costs or expenses of any nature whatsoever, known or unknown, fixed or contingent." Although the *Ashley* court found that the agreement to include "costs" as part of the settlement in that case did not include attorneys' fees, the agreement in this case is much broader. *See Ashley*, 794 F.2d at 141.

In addition, in both *El Club Del Barrio* and *Ashley* the original agreements had included language referring to attorneys' fees, but upon objection the language was deleted. *Ashley*, 794 F.2d at 141 (settlement agreement initially released defendant from liability for attorneys' fees); *El Club Del Barrio*, 735 F.2d at 100 (settlement agreement initially reserved plaintiff's right to seek attorneys' fees). The Third Circuit thus concluded on the basis of the record in those cases that the absence of an express reference to attorneys' fees in the agreement could not be interpreted as a waiver of the right to seek attorneys' fees. The record in this case is different. It contains no indication that plaintiffs made any attempt to exempt attorneys' fees from the language of the proposed settlement agreement.

We are in full agreement with the Third Circuit's resolution of both the *El Club Del Barrio* and *Ashley* cases. Waiver of attorneys' fees should not be presumed from a silent record. However, the release in this case is not only more sweeping than anything contained in the agreements in those cases, but also must be interpreted in light of a record which reflects that the parties and the district court viewed the waiver as inclusive of attorneys' fees. Thus, the agreement in this case was a waiver of plaintiffs' right to attorneys' fees under section 1988.

AFFIRMED.