[No. A049698. First Dist., Div. Five. Apr. 26, 1991.]

MARIO ZAMBRANO et al., Plaintiffs and Appellants, v.
OAKLAND UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

COUNSEL

Lois Salisbury, Armando M. Menocal III, Laura Schulkind, Susan Spelletich, Altshuler, Berzon, Nussbaum, Berzon & Rubin, Fred Altshuler and Jeffrey B. Demain for Plaintiffs and Appellants.

Celia Ruiz, Karen E. Gilyard and Barbara S. Van Ligten for Defendants and Respondents.

OPINION

KING, J.—In this case we hold that a provision in a consent decree for attorney fees for future successful judicial enforcement does not constitute a waiver of statutory attorney fees for nonjudicial enforcement proceedings which are a prerequisite to judicial enforcement.

Mario Zambrano appeals from an order denying his motion for attorney fees.

In June 1985, Zambrano and the Oakland Unified School District (District) entered into a consent decree resolving litigation over bilingual education. Compliance with the plan was to be assured by an expert auditor and a monitor whose duties were spelled out in detail in sections E and G of the

decree. Section I, entitled "Enforceability," provided in relevant part: "Any provision of this Plan can be enforced by order of the Alameda County Superior Court as part of the litigation *Zambrano* v. *Oakland Unified School District*, Civil Action No. 584503-9. No bond shall be required to secure such an order. Any party who successfully obtains enforcement of a provision of this Plan may petition for reasonable attorneys' fees. Prior to such enforcement, any dispute regarding compliance with this Consent Decree or the District's non-implementation of the Expert Auditor's recommendations shall first be referred to the Monitor, pursuant to the procedures outlined in section E and G.2, *supra*." In section J, "Attorney's Fees and Claims," Zambrano's attorneys were awarded $350,000 "for prosecuting the complaint, defending the cross-complaint, and entering this Consent Decree," and to satisfy their tort claims against the District and its attorneys.

On January 5, 1990, Zambrano filed a motion for attorney fees (Code Civ. Proc., § 1021.5; 42 U.S.C. § 1988) "for [his] successful efforts in enforcing the Consent Decree . . . ." On January 31, the District filed a motion to bifurcate issues and continue hearing on the motion for attorney fees which Zambrano opposed. After a hearing, the trial court ordered bifurcation and set trial on the sole issue of entitlement.

In its opposition papers, the District contended sections I and J of the decree limited attorney fee recovery to successful judicial enforcement which Zambrano had not shown. In a reply memorandum, Zambrano contended the decree did not waive his statutory right to attorney fees for enforcement before the monitor. Zambrano also filed declarations by two of his lawyers denying the parties intended any waiver of attorney fees. The District then filed an evidentiary objection (Code Civ. Proc., § 1856) to which it attached, in the alternative, the contrary declaration of its attorney. Zambrano opposed the District's evidentiary objection and admission of its rebuttal declaration.

The trial court did not rule on the admissibility of any of the proffered extrinsic evidence. After a hearing, it ruled that "plaintiffs' right to attorneys' fees in this action is limited by the provisions of paragraph I of the Consent Decree to judicial enforcement of the provisions of the Consent Decree after the recommendations of the Expert Auditor have been referred to the Monitor in accordance with the procedures outlined in the Consent Decree. The attorneys fees requested in the instant motion were not incurred in connection with the judicial enforcement of the Consent Decree."

I

"When the question of interpretation of a writing . . . is presented to an appellate court, the standard of review may vary depending on wheth-

er extrinsic evidence was admitted in the trial court to assist or persuade that court in adopting one interpretation or another of the writing in question. If extrinsic evidence was introduced below, a reviewing court applies the general appellate principle of conflicting evidence. If it was not, a reviewing court conducts independent review, and need not defer to the trial court's judgment on a question of law." (*Atlantic Richfield Co.* v. *State of California* (1989) 214 Cal.App.3d 533, 538 [262 Cal.Rptr. 683], citation omitted.)

In this case, conflicting evidence of the parties' intent was proffered, but the trial court neither admitted it nor found the ambiguity requisite to its admission. (Code Civ. Proc., § 1856; *Muckleshoot Tribe* v. *Puget Sound Power & Light* (9th Cir. 1989) 875 F.2d 695, 698-699.) Moreover, the trial court's order refers to a specific paragraph in the decree while failing to mention any reliance on extrinsic evidence. As the following analysis reveals, the language at issue creates no ambiguity requiring extrinsic evidence for its resolution nor permitting the introduction of such evidence.

## II

The consent decree contains no express waiver of attorney fees. Section J, "Attorney's Fees and Claims," is silent as to fees for postjudgment participation in the enforcement process. But the District maintains (and the trial court found) section I's provision that "Any party who successfully obtains enforcement of a provision of this Plan may petition for reasonable attorneys' fees," constitutes an implied waiver of attorney fees for any but judicial enforcement.[1]

California courts have generally been hesitant to find implied waivers of attorney fees. In *Folsom* v. *Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 671 [186 Cal.Rptr. 589, 652 P.2d 437], the Supreme Court concluded that an agreement silent as to fees does not bar a motion pursuant to Code of Civil Procedure section 1021.5. Rather, statutory attorney fees are properly awarded "unless expressly or *by necessary implication* excluded by the stipulation." (32 Cal.3d at p. 678, italics added.) Absent "affirmative agreement of the parties to the contrary," the trial court retains jurisdiction after the filing of a compromise agreement to consider a statutory fee motion. (*Id.* at p. 679; see also *Washburn* v. *City of Berkeley* (1987) 195 Cal.App.3d 578, 583-584 [240 Cal.Rptr. 784].)

Federal courts have been similarly loathe to infer fee waivers. In *Wakefield* v. *Mathews* (9th Cir. 1988) 852 F.2d 482, 484, the court noted

---

[1] On appeal, Zambrano does not claim to have obtained judicial enforcement of the consent decree, nor contend that "enforcement" in this context means other than judicial enforcement.

that, "Waiver of attorneys' fees should not be presumed from a silent record." It then held that while "general releases of all claims and costs" do not waive attorney fees (*Ashley* v. *Atlantic Richfield Co.* (3d Cir. 1986) 794 F.2d 128, 140, *El Club Del Barrio* v. *United Community Corporations* (3d Cir. 1984) 735 F.2d 98, 100), an express release which includes " 'costs or expenses of any nature whatsoever, known or unknown, fixed or contingent' " does. (*Wakefield, supra,* at p. 484.)

In *Muckleshoot Tribe* v. *Puget Sound Power & Light, supra,* 875 F.2d. at page 698, the court reiterated that waiver is permitted "only when the parties specifically agree to limit or exclude payment for counsel . . . ." Therefore, parties wishing to foreclose suit under 42 United States Code section 1988, "must negotiate a provision waiving attorneys' fees. [¶] Moreover, not only must the settlement agreement contain a provision releasing the defendant from fee liability, but it should clearly accomplish that purpose. [¶] We normally determine the sufficiency of a fee release by looking to the language in the settlement agreement." (Citations and fn. omitted.) "If the decree contains an explicit reference to fees or the breadth of the release is so 'sweeping' that it *necessarily includes* attorneys' fees, a waiver may be found." (Citation omitted, italics added.) The court then held that dismissal with prejudice of a complaint which included a claim for attorney fees did not constitute a waiver.

The District does not allege any general waiver or release, much less one which "necessarily includes" attorney fees. It does point out the decree is not absolutely silent as to attorney fees, expressly awarding a specific amount for predecree activities, and affirmatively establishing a contractual right for successful judicial enforcement. Neither of these provisions, however, excludes "by necessary implication" an award of statutory attorney fees for participation in the nonjudicial enforcement process.

The District contends the decree's "costly and procedurally detailed" monitoring system was meant to discourage litigation and limit the role of attorneys. Maybe so. But the scheme stops well short of prohibiting attorney participation in the quasi-judicial "informal" enforcement process. The District itself was, in fact, represented by counsel at hearings before the monitor. Moreover, the decree specifically provides for the active involvement of Zambrano's attorneys in disputes before the monitor.[2] That the

---

[2] For example, "The District's written reasons for disapproving or delaying any of [the Expert Auditor's] recommendations shall be the subject of review by the Monitor. The District's written reasons shall also be provided to the Expert Auditor, plaintiffs, *plaintiffs' counsel* and the Bilingual District Advisory Committee, *any of whom* except the Bilingual District Advisory Committee *can dispute* the District's compliance with this Consent Decree or the District's non-implementation of the Expert Auditor's recommendations. (*see* Section G, *infra*). [¶] *Any dispute* regarding compliance with this Consent Decree or the District's non-im-

District might, consistent with its goal of limiting participation of Zambrano's attorneys in the enforcement process, have negotiated an express fee waiver does not prove that it did so when the language of the decree indicates otherwise.

The District also suggests that fee availability would encourage attorney participation, turning what was meant to be amicable, informal dispute resolution into an adversarial, litigious process. The opposite argument is equally persuasive: limiting attorney fees to judicial enforcement puts a premium on litigation, discouraging alternative dispute resolution.

The District maintains that unless interpreted as a waiver of entitlement to statutory fees for nonjudicial enforcement activities, the disputed language in section I is mere surplusage. Zambrano points out, however, that the affirmative contractual grant of attorney fees to any party obtaining judicial enforcement relieves that party from having to meet "the arduous statutory and decisional requirements" for fees. Thus section I does not say fees are available only for judicial enforcement—which could very easily have been said if, as the District insists, that were what was meant—but rather, that fees are available as a matter of contract for judicial enforcement. Otherwise, they are available only if the statutory criteria are met.[3]

The judgment is reversed and the cause remanded for further proceedings. Costs on appeal are awarded to Zambrano (Cal. Rules of Court, rule 26).

Low, P. J., and Haning, J., concurred.

Respondents' petition for review by the Supreme Court was denied July 17, 1991.

---

plementation of the Expert Auditor's recommendations *shall be referred to the Monitor.*" (Italics added.) The monitor then conducts fact-finding, receives argument and issues a written decision which is binding unless challenged before the court on one of four specified bases.

[3] Zambrano contends the nonjudicial enforcement work at issue here meets the criteria of both Code of Civil Procedure section 1021.5 and 42 United States Code section 1988. The issue is not before us as it was not reached by the trial court. Upon remand, the trial court will have to determine statutory eligibility before deciding the amount of any attorney fees to be awarded.