951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oliver W. WILSON, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORP.; R.A. Palmer, Defendants-Appellees.
 No. 90-55820.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1991.
Decided Dec. 11, 1991.
 
 Before WALLACE, Chief Judge, CHAMBERS, Circuit Judge, and TANNER,* District Judge.
 MEMORANDUM
 Wilson appeals from the denial by the district court of his motion for attorneys' fees under 42 U.S.C. § 1988. The district court held that the motion was untimely and, alternatively, Wilson had waived his right to attorneys' fees. The district court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We reverse and remand.
 Wilson's motion for attorneys' fees was not untimely. Wilson filed his motion on April 26, 1990. Local rule 16.10 requires that a motion for attorneys' fees be filed within 30 days after entry of judgment or final order. C.D.Cal.R. 16.10. Although the district judge signed the final order on March 26, 1990, it was not entered by the clerk until March 30, 1990. See Fed.R.Civ.P. 58 & 79(a). Therefore, Wilson's motion was not untimely.
 The district court's determination that Wilson is a prevailing party under 42 U.S.C. § 1988 was a factual finding that we review for clear error. Clark v. City of Los Angeles, 803 F.2d 987, 989-90 (9th Cir.1986). Because Wilson settled his claims for $25,000, the district court's finding that he is a prevailing party is not clearly erroneous.
 The district court determined that Wilson waived his claim to attorneys' fees under 42 U.S.C. § 1988. We review the legal aspects of this determination de novo, while the district court's underlying findings of facts are subject to clearly erroneous review. See Atonio v. Wards Cove Packing Co., 827 F.2d 439, 443 (9th Cir.1987), rev'd on other grounds, 490 U.S. 642 (1989).
 The district court found that Wilson waived his entitlement to "costs" as part of the settlement. This finding is not clearly erroneous. The district court then held that the term "costs" includes attorneys' fees, absent circumstances indicating otherwise. This is an incorrect analysis of the issue.
 Under Muckleshoot Tribe v. Puget Sound Power & Light, 875 F.2d 695 (9th Cir.1989), the burden is on the defendant to show that the plaintiff clearly waived attorneys' fees as part of the settlement. Id. at 698. The defendant may establish waiver by either: (1) clear language in the release, such as explicit reference to fees, or (2) language so sweeping that it necessarily includes attorneys' fees. If the agreement is ambiguous, the defendant may then attempt to show that "surrounding circumstances clearly manifest the intent of the parties that attorneys' fees be waived." Id.
 In this case, neither the oral agreement in court nor the written agreement expressly mentions fees. However, FDIC asserts that the language of the written agreement is so broad that it must be read to include a waiver of attorneys' fees. In support of this proposition, FDIC says the language of the written agreement is similar to that of the agreement held to waive attorneys' fees in Wakefield v. Mathews, 852 F.2d 482 (9th Cir.1988).
 Contrary to FDIC's assertions, Wakefield does not control this case. The agreement in the case before us waives "any and all claims, demands, actions, causes of action, known or unknown, suspected or unsuspected," and subsequently provides that the parties "shall bear their own costs." The agreement in Wakefield, by contrast, released "not only all claims and elements of damages, but ... any 'costs or expenses of any nature whatsoever, known or unknown, fixed or contingent.' " 852 F.2d at 484. Not only is the agreement in Wakefield broader than the one in this case, there we looked beyond the agreement to the record to support our determination that the plaintiff waived attorneys' fees. Id. Although we agree that the agreement signed by Wilson is broad, it is not so broad as to constitute a waiver of attorneys' fees.
 FDIC also points to the surrounding circumstances of the agreement to support its claim that Wilson waived attorneys' fees. Wilson agreed in open court that "each side will bear their own costs." However, this statement is insufficient to show Wilson intended to waive attorneys' fees.
 Because FDIC has failed to meet its burden and show that Wilson intended to waive attorneys' fees, the district court's determination that there was a waiver must be reversed.
 REVERSED AND REMANDED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation