Dennis **PARKER**, Plaintiff,

v.

**METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO**, Defendant.

No. 91 C 2834.

United States District Court, N.D. Illinois, E.D.

Jan. 9, 1992.

Robert Orman, Jeffrey Wayne Finke, Hartman & Finke, Chicago, Ill., for plaintiff.

Antoni E. Wesolowski, Metropolitan Sanitary Dist. of Greater Chicago, Helen S. Wright, James B. Murray, Metro. Water Reclamation Dist. of Greater Chicago, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

Plaintiff seeks attorneys' fees as the prevailing party following settlement, by reinstatement, of his discriminatory discharge claim. Defendant does not seriously contest that plaintiff is the prevailing party for the fee-shifting purposes of 42 U.S.C. § 1988. It claims, however, that the release language is sufficiently broad to encompass a waiver of fees or at least creates an ambiguity, and that its counsel overheard plaintiff's counsel, during a settlement conference, verbally agree to waive fees (an assertion, we note, in defendant's brief and not supported by any affidavit). Defendant also argues that the agreement not to release future claims must mean that plaintiff waived attorneys' fees since fees were part of the claim in this litigation. Plaintiff, also by brief and not by affidavit—although he offers to submit one if necessary—denies that there was any discussion of attorneys' fees, and suggests that defendant is confusing his waiver of backpay.

The release is of all "liability, claims and demands," and it goes on to specify a number of possible substantive claims. It does not refer to attorneys' fees, nor even costs.

Municipal bodies are not unfamiliar with the possible impact of attorneys' fees under 42 U.S.C. § 1988, which often can be well in excess of a settlement amount or a judgment. Until *Evans v. Jeff D.*, 475 U.S. 717, 737–38, 106 S.Ct. 1531, 1542–43, 89 L.Ed.2d 747 (1986), there was ample reason to be uncomfortable about mentioning fees in a settlement agreement, but that is no longer so. Even before *Evans, supra,* however, the Third Circuit held that a prevailing plaintiff is presumptively entitled to fees unless clearly waived, and that the defendant has the burden of showing that the settlement agreement clearly waived fees. *El Club Del Barrio, Inc. v. United Community Corps.,* 735 F.2d 98 (3d Cir. 1984). The Ninth Circuit gives a defendant a little more room for argument. Ambiguous drafting, such as release of "costs or expenses of any nature," can be construed as a waiver, *Wakefield v. Mathews,* 852 F.2d 482 (9th Cir.1988), but the defendant must show that both parties clearly intended the language to release fees. Dismissal of a complaint that asked for fees is not enough. *Muckleshoot Tribe v. Puget Sound Power & Light,* 875 F.2d 695 (9th Cir.1989). In an offer-of-judgment case, *Erdman v. Cochise County,* 926 F.2d 877 (9th Cir.1991), the court applied that same reasoning and concluded that an offer to pay an amount that included "costs now accrued," did not include liability for attorneys' fees in that offered amount. Defendant had to be clearer that that. *See Rateree v. Rockett,* 668 F.Supp. 1155 (N.D.Ill. 1987).

Here the defendant could have protected itself against any award of attorneys' fees, if the parties had so agreed, by the addition of a few plain words in the settlement documentation. It did not do so. Indeed, there is not even any conceivably ambiguous language. It is not enough to refer to some overheard conversation. Plaintiff is presumptively entitled to fees and, in the absence of at least some significant indication of a possible waiver of fees in the integrated written settlement agreement, he is entitled to petition for them. Plaintiff's petition for fees is allowed and he is granted leave to file supporting documentation.