FILED

NOT FOR PUBLICATION

NOV 30 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MERCEDEZ CARVAJAL, an individual,

　　　　Plaintiff - Appellant,

　v.

UNITED STATES OF AMERICA,
Substituted as Defendant in place and
instead of individual Federal Defendants
Bett Kelly, Steven Norkus,III, David
Sikorra and Luke Yoo,

　　　　Defendant - Appellee,

　and

CITY OF LOS ANGELES; et al.,

　　　　Defendants.

No. 08-56811

D.C. No. 2:05-cv-07124-PA-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted October 5, 2010
Pasadena, California

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: CUDAHY,[**] WARDLAW and W. FLETCHER, Circuit Judges.

Mercedez Carvajal appeals the district court's denial of her motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Carvajal asserts that the district court erred in concluding that she waived her right to seek attorneys' fees in a joint stipulation entered by the parties. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

As to four of the claims alleged in the complaint, the joint stipulation clearly states that the claims will be dismissed with prejudice and that "[e]ach party shall bear its own costs and attorney's fees in the District Court." As to the four claims dismissed with prejudice by the district court, the stipulation preserves Carvajal's right to appeal and states that "issues of costs on appeal and attorney's fees on appeal are reserved by plaintiff Mercedez Carvajal and defendant United States until the final completion of this action." The stipulation does not address the scenario that did in fact occur: Carvajal succeeded on appeal and the case was remanded to the district court. *Carvajal v. United States*, 521 F.3d 1242, 1249 (9th Cir. 2008). Thus, the district court erred in finding an unambiguous waiver of her right to subsequently seek attorneys' fees in district court upon her return as the prevailing party. *Erdman v. Cochise County*, 926 F.2d 877, 879–80 (9th Cir.

---

[**] The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

1991); *Muckleshoot Tribe v. Puget Sound Power & Light Co.*, 875 F.2d 695, 698 (9th Cir. 1989).

In any event, the parties likely did not understand Carvajal to have waived her right to attorneys' fees and costs in the district court as to the claims she appealed because, when she entered the joint stipulation, she was not then the prevailing party and thus had no right to fees to waive. *See* 28 U.S.C. § 2412(d)(1)(A) (stating that "a court shall award to a prevailing party other than the United States fees and other expenses"); *Carvajal*, 521 F.3d at 1249 ("To satisfy the 'prevailing party' requirement, Plaintiff must be able to show that she received 'relief from the federal court.'" (quoting *Li v. Keisler*, 505 F.3d 913, 917 (9th Cir. 2007))). Because Carvajal did not become entitled to attorneys' fees until she succeeded on appeal, the joint stipulation was not likely understood to contain a waiver of her right to seek them. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc) (defining waiver as the "intentional relinquishment or abandonment of a known right" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))).

**REVERSED** and **REMANDED** with instructions to award attorneys' fees and costs in an amount to be determined.

08-56811 Carvajal v. USA

FILED

NOV 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

Cudahy, Senior Circuit Judge, dissenting:

The language of the stipulated waiver of fees *in the District Court* is clear and unambiguous and I see no basis for interpretation or modification based on subsequent events on appeal.  I therefore respectfully dissent.