**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1641-19T2

LESZEK ZAJAC,

    Plaintiff-Appellant,

v.

RAMSEY OFFICE COURT, LLC,
d/b/a RAMSEY OFFICE COURT,
BHN REALTY ASSOCIATES,
INC., d/b/a/ BHN ASSOCIATES,
ROBYN DOUCETTE and
BARUCH ROSENFELD,

    Defendants-Respondents.

_____

Argued October 20, 2020 – Decided  November 19, 2020

Before Judges Yannotti, Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8531-18.

Christine E. Burke argued the cause for appellant (Karpf, Karpf & Cerutti, PC, attorneys; Christine E. Burke and Ari R. Karpf, on the briefs).

Randi A. Wolf argued the cause for respondents (Spector Gadon Rosen Vinci, PC, attorneys; Randi A. Wolf, on the brief).

PER CURIAM

Plaintiff appeals from orders entered by the Law Division on November 22, 2019, which denied his motion for attorney's fees and costs, and granted defendants' cross-motion to enforce a settlement between the parties. We affirm.

I.

This appeal arises from the following facts. For about thirty years, plaintiff has provided handyman, painting, and maintenance services at a commercial office park/complex called The Office Court of Ramsey. According to defendants, plaintiff provided the services at the complex through and on behalf of ABS Pajac Construction and Painting, LLC (ABS), an entity owned by plaintiff's wife.

Defendants assert that in June 2018, Baruch Rosenfeld purchased the property, and thereafter Ramsey Office Court, LLC (ROC) was created to provide administrative management for the property. Plaintiff claims BHN Realty Associates, Inc. (BHN) acquired the property in June 2018, but defendants assert BHN never owned, operated, managed, or had any relationship to the property.

Plaintiff alleged that when the new owners began to operate and manage the complex in 2018, he experienced discrimination based on his age, health problems, and national ancestry. Defendants assert that between June 2018 and October 2018, the owners decided to cancel the contracts with vendors who had been providing services at the complex to save money. In November 2018, ABS's contract was terminated.

Following the termination of his contract, plaintiff filed a complaint naming ROC, BHN, and Robyn Doucette as defendants. He later filed an amended complaint, adding Rosenfeld as a defendant. Plaintiff alleged that from June 2018 to November 2018, Doucette was his immediate manager, and Rosenfeld supervised Doucette. Plaintiff claimed he was subjected to unlawful discrimination on the basis of his age, disabilities, and national origin, in violation of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49.

Plaintiff also claimed defendants failed to pay him for regular work and overtime in violation of the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to 219. In addition, he claimed defendants did not pay him in accordance with the requirements of New Jersey's Wage and Hours Law (NJWHL), N.J.S.A. 34:11-56a1 to -56a41.

Plaintiff sought an injunction prohibiting defendants from continuing their alleged unlawful policies and practices; reimbursement for all pay and benefits he should have received, including increases, bonuses, and promotions; punitive damages; other equitable and legal relief the court deems just and proper; and the award of attorney's fees, costs, and expenses.

Defendants filed an answer denying liability, and thereafter, the parties exchanged discovery. Among other things, defendants produced its insurance policy, which provided $100,000 in coverage, inclusive of counsel fees and costs. In December 2018, plaintiff sent defendants a letter demanding one million dollars to settle plaintiff's claims. The demand included all attorney's fees and costs. In response to plaintiff's demand, defendants offered $25,000 to settle the matter, which was based on plaintiff's tax returns from 2014 to 2018. Plaintiff rejected the offer.

In September 2019, the parties participated in mediation, which was not successful. Thereafter, the attorneys for the parties discussed the matter. Plaintiff's attorney said she might be able to settle the case for $125,000 and she would not settle for less. On October 9, 2019, defendants filed with the court a written offer of judgment pursuant to Rule 4:58-1(a). The offer stated in part, "[defendants] hereby offer judgment to the [p]laintiff . . . in full and final

4

satisfaction of all claims asserted within [p]laintiff's [c]omplaint directed to [d]efendants, in the sum of [$100,000] without admission and without prejudice . . . ."

On October 16, 2019, plaintiff filed a notice of acceptance of defendants' offer with the court. In this acceptance, plaintiff "request[ed] entry of judgment by the Clerk in the amount of $100,000.00 against [d]efendants." The acceptance included a footnote stating, "[p]laintiff's [p]etition for counsel fees and for costs will be submitted separately subsequent to this acceptance."

On the same day, the Clerk's Office issued a deficiency notice, which stated that the court could not enter judgment based upon the filing, and that either a motion or consent judgment was required. Later that day, plaintiff filed an amended notice of acceptance. It stated that plaintiff accepted defendants' offer of judgment. The footnote regarding the petition for counsel fees and costs remained. The court's docket indicates that the case was dismissed "without prejudice" and "closed."

The following day, plaintiff filed a motion for the award of attorney's fees and costs. Plaintiff sought fees and costs in the amount of $55,959.59. Defendants opposed the motion and filed a cross-motion to enforce the settlement and compel plaintiff to execute a settlement agreement. On

November 22, 2019, the judge heard oral argument and entered orders which denied plaintiff's motion and granted defendants' cross-motion for reasons stated in an attached rider. This appeal followed.

## II.

On appeal, plaintiff argues that the trial court erred by denying his motion for attorney's fees and costs. He contends that he was the prevailing party in the litigation and therefore is entitled to the award of such fees and costs. Plaintiff contends that in the notice of acceptance of the offer of judgment, he did not expressly waive his right to seek attorney's fees and costs and instead expressly reserved the right to petition the court for an award of such fees and costs. He further argues that the motion judge erred by finding his agreement to settle the dispute for $100,000 was for full satisfaction of plaintiff's claims, including his claim for attorney's fees and costs incurred in the litigation.

Here, plaintiff sought the award of attorney's fees and costs pursuant to a provision of the LAD. The statute provides in pertinent part that "[i]n any action or proceeding . . . the prevailing party may be awarded a reasonable attorney's fee as part of the cost, provided however, that no attorney's fee shall be awarded to the respondent unless there is a determination that the complainant brought the charge in bad faith." N.J.S.A. 10:5-27.1.

Plaintiff also sought counsel fees and costs pursuant the FLSA, which provides, in relevant part:

> An action to recover the liability prescribed in the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.
>
> [29 U.S.C. § 216(b).]

In addition, plaintiff sought counsel fees and costs pursuant to the NJWHL. The statute states that if an employer pays an employee less than the minimum fair wage to which they are entitled under the NJWHL, "the employee may recover in a civil action the full amount of such minimum wage less any amount actually paid to him or her by the employer," together with costs and such reasonable attorney's fees as determined by the court. N.J.S.A. 34:11-56a25.

Initially, we reject plaintiff's contention that he is entitled to attorney's fees and costs under the FLSA and the NJWHL. A judgment was never entered

7

in this matter granting plaintiff any relief pursuant to the FLSA. Therefore, he was not entitled to attorney's fees and costs under 29 U.S.C. § 216(b). Moreover, the court did not enter a judgment awarding plaintiff the "full amount" of wages due pursuant to the NJWHL. Consequently, he was not entitled to an award of attorney's fees under N.J.S.A. 34:11-56a25.

We conclude, however, that plaintiff was a "prevailing party" under the LAD. Our Supreme Court has held that "a plaintiff who is awarded some affirmative relief by way of an enforceable judgment against defendant or other comparable relief through a settlement or consent decree is a prevailing party under N.J.S.A. 10:5-27.1 of the LAD." Tarr v. Ciasulli, 181 N.J. 70, 86-87 (2004).

Here, defendants filed an offer of judgment in which they offered to pay plaintiff $100,000 "in full and final satisfaction of all claims asserted" in his complaint. Plaintiff accepted the offer. Under the agreement, plaintiff obtained relief comparable to an enforceable judgment on his LAD claims. Therefore, he was a "prevailing party" under N.J.S.A. 10:5-27.1. Tarr, 181 N.J. at 86-87.

Plaintiff argues that as a prevailing party, he was entitled to an award of counsel fees and costs. He contends the trial court erred by holding he waived his right to seek such fees and costs. Plaintiff argues that when an offer of

judgment does not expressly provide for the waiver of counsel fees and costs, acceptance of the offer does not preclude the award of such fees and costs.

In support of this argument, plaintiff cites decisions of the federal courts interpreting the federal offer of judgment rule, Fed. R. Civ. P. 68. See, e.g., Lima v. Newark Police Dept., 658 F.3d 324, 331 (3d Cir. 2011) (holding that when an offer of judgment is silent as to fees and costs, they must be fixed by the court after the offer is accepted); Torres v. Metropolitan Life Ins. Co., 189 F.3d 331, 333-35 (3d Cir. 1999) (concluding that the release of all claims or demands asserted in the litigation did not preclude the filing of an application for counsel fees and costs). However, our courts have not applied this bright-line rule in all matters where a litigant has a statutory right to attorney's fees and costs.

In Coleman v. Fiore Bros., Inc., the plaintiffs asserted claims under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, arising from the installation and financing of certain home improvements. 113 N.J. 594, 607 (1989). During the litigation, the plaintiffs were represented by a public interest law firm. Id. at 596. The claims were settled and thereafter the plaintiffs' attorney filed an application for attorney's fees. Id. at 608. Plaintiff's counsel took the position that she could not negotiate damages and counsel fees simultaneously. Ibid.

A-1641-19T2

The Court held that private counsel could insist, without ethical conflict, on a fee allowance as part of a settlement of an action in which a statute provides for the award of counsel fees to the prevailing party. Id. at 603. However, where the plaintiffs are represented by public-interest counsel, defense counsel may not insist upon waiver of fees as a condition of settlement. Id. at 606.

The Court then considered whether, under the facts of the case, the statutory claims for attorney's fees were encompassed within the negotiated settlement and stipulation dismissing the claims. Id. at 607-11. The Court refused to hold, based on the federal case law, that a settlement agreement should not be interpreted as waiving an award of attorney's fees in the absence of a specific and expressed waiver. Id. at 609 (citing Ashley v. Atlantic Richfield Co., 794 F.2d 128, 130 (3d Cir. 1986); El Club del Barrio, Inc. v. United Cmty. Corps., 735 F.2d 98 (3d Cir. 1984); Folsom v. Butte Cty. Ass'n of Gov'ts, 652 P.2d 437 (Cal. 1982); Tallon v. Liberty Hose Co. No. 1, 485 A.2d 1209 (Pa. Super. Ct. 1984)).

The Coleman Court pointed out that, "there has been no attempt to reserve the issue" and the parties' agreement stated only that "[a]ll claims for damages" were settled. Id. at 610. The Court held the claims for counsel fees were encompassed by the settlement, noting that "it would run counter to the fair

expectations of counsel . . . to have surmised" that New Jersey's public policy would not permit such a settlement.  Id. at 610-11.

Thus, Coleman expressly refused to adopt the principle that a settlement agreement will not be interpreted as waiving attorney's fees and costs unless the agreement expressly waives such fees and costs.  Under Coleman, the question of whether the parties agreed that a settlement would encompass a statutory claim for attorney's fees must be decided based on the facts and circumstances of a particular matter.

The Court addressed these issues again in Pinto v. Spectrum Chemical & Laboratory Products Corp., 200 N.J. 580 (2010).  In that matter, the plaintiffs asserted claims under the LAD and the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.  Id. at 585.  The plaintiffs were represented by a public interest law firm.  Ibid.

The parties participated in court-ordered mediation, and the mediator believed they had settled the case.  Id. at 586.  The parties, however, had different understandings of the terms of the agreement, which had not been put in writing.  Ibid.  The plaintiffs' attorney asserted that the parties had only reached an agreement on the dollar amount of the substantive claims, and noted

that under <u>Coleman</u>, he could not negotiate fees until a settlement was reached on the underlying claims. <u>Id.</u> at 587.

The defendant's attorney asserted that the parties had settled all financial issues, including attorney's fees. <u>Id.</u> at 586-87. The defendant's attorney also stated that she told the plaintiffs' attorney that adding attorney's fees was a "deal breaker" and her client would not agree to a settlement that did not encompass or address attorney's fees. The trial court found the agreement was unenforceable because there had been no meeting of the minds. <u>Id.</u> at 587.

The Court noted that the central issue was whether the holding of <u>Coleman</u> should be extended to LAD and CEPA claims. <u>Id.</u> at 588. The Court held that <u>Coleman's</u> ban on the simultaneous negotiation of substantive claims and attorney's fees no longer had "continuing vitality." <u>Id.</u> at 598.

The Court determined that giving public interest attorneys and defendants the authority to simultaneously negotiate these issues was consistent with the Legislative aims of the CFA, LAD, and CEPA. <u>Id.</u> at 599. However, the Court continued the prohibition of defendants conditioning settlement on the waiver of attorney's fees in fee-shifting cases involving public interest law firms. <u>Ibid.</u>

The Court also upheld the trial court's determination that there was no settlement in the matter "because the parties never had a meeting of the minds

12

on the precise terms of the agreement." Id. at 600. The Court noted that had the parties reduced the agreement to writing, the differences in their positions would have been apparent. Ibid. The Court observed that the plaintiff believed the settlement only applied to the merits claims and did not preclude them from seeking statutory attorney's fees, while defendant believed the parties had reach a global resolution of all claims. Ibid.

Significantly, the Court in Pinto did not adopt the federal case law pertaining to the waiver of attorney's fees. Rather, the Court determined whether the parties had reached an agreement on attorney's fees based on the relevant facts and circumstances.

Plaintiff argues, however, that Warrington v. Village Supermarket, Inc., supports his contention that the trial court erred by finding he waived his right to seek attorney's fees and costs. 328 N.J. Super. 410, 418-19 (App. Div. 2000). In Warrington, the plaintiff brought a lawsuit against a supermarket claiming that its facilities did not provide handicapped individuals with access as required by law. Id. at 415.

The plaintiff in Warrington asserted claims under New Jersey's Handicapped Access Law, N.J.S.A. 52:32-4 to -10; the LAD; and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213. Id. at 414-15. She

sought compensatory and punitive damages, as well as various types of injunctive relief. Id. at 415. She also sought attorney's fees and costs under the ADA and LAD. Ibid.

Prior to the scheduled trial date, the parties settled the substantive issues, and a consent judgment was filed. Ibid. The consent order was silent on the issue of attorney's fees and costs. Id. at 416. We noted that in Coleman, the Court had examined the course of negotiations, the parties' settlement documents, and conduct of counsel "to determine if a plaintiff has waived a right to a statutory fee." Id. at 418 (discussing Coleman, 113 N.J. at 610-11).

We also noted that the federal courts had developed a different rule for cases in which a plaintiff successfully pursues claims under statutes that allow for the award of counsel fees, and have held that the prevailing party will be entitled to attorney's fees "unless the settlement agreement expressly and specifically waives that right." Ibid. (citing Torres, 189 F.3d at 333-34; El Club Del Barrio, 735 F.2d at 99). We applied the federal rule because plaintiff based her claims in part on federal law, and the consent judgment "vindicate[d] the rights expressly secured by the ADA." Id. at 419 (footnote omitted).

However, plaintiff's reliance upon Warrington is misplaced. Here, the record shows that plaintiff sought relief under state and federal law. He claims

the settlement vindicates his rights under the FLSA, but the settlement merely calls for payment of $100,000, and does not expressly vindicate any rights under the FLSA. In Warrington, by contrast, part of the relief obtained under the settlement was equitable relief addressing the handicap access issues that were the basis for the federal ADA claims. Ibid.

We conclude the trial court correctly determined that the issue of whether a party waives a statutory right to the award of attorney's fees and costs must be decided based on the relevant facts and circumstances. The court correctly found that under New Jersey law, there is no bright-line test for determining if a party to a settlement has waived a claim for attorney's fees and costs when the agreement is silent on the issue.

### III.

Plaintiff further argues the trial court erred by finding that defendants' offer of judgment was intended to include his claim for attorney's fees and costs, and plaintiff's acceptance of that offer constituted a waiver of the claims for fees and costs. We disagree.

Here, the trial court found based on the relevant facts and circumstances, that plaintiff's acceptance of defendants' offer of judgment resolved all claims, including plaintiff's claims for counsel fees. In his written statement of reasons,

the judge noted that the parties settled the matter after conducting limited discovery, and they disputed the value of the case from the inception of the litigation. Initially, plaintiff was firm in his demand for $1 million, and defendants were not willing to offer more than $25,000 since that offer had been based on plaintiff's tax return and his disputed employment status.

Moreover, defendants' insurance coverage was limited to $100,000, with an erosion for defense costs. Defendants offered plaintiff the maximum amount under the policy to resolve the litigation quickly. The judge noted that the offer was "largely driven" by the policy's limits and erosion provision.

The judge further noted that the record showed plaintiff's claims "were subject to significant defenses." The judge found that in making the offer, defendants understood that it was inclusive of attorney's fees. The judge stated:

> While [the] better practice may have been to specifically delineate the matter of attorney's fees, both sides had an ability to clarify the issue. Adopting the [p]laintiff's position would mean that the defense made the offer recognizing that it would be subject to further significant exposure. This is highly unlikely. It is apparent that [d]efendant[s'] Offer of Judgment was inclusive of attorney's fees. Counsel for [p]laintiff, although seeking to utilize federal law to obtain attorney's fees, cannot have understood [d]efendant[s'] counsel to have intended otherwise. No reasonable interpretation of the course of dealings between counsel would indicate otherwise.

We are convinced there is sufficient credible evidence in the record to support the trial court's findings. The record supports the court's determination that by accepting defendants' offer of judgment, plaintiff waived his right to petition the court for an award of attorney's fees and costs.

IV.

Plaintiff further argues that the motion judge misapplied the offer of judgment rule by entering an order enforcing the settlement and requiring that he execute a written settlement agreement. He contends he accepted an offer of judgment; he did not enter into a settlement agreement. Plaintiff argues that the motion judge misapplied his discretion by making him execute documents with terms he never negotiated or agreed to.

The record shows that after plaintiff's attorney filed the notice accepting the offer of judgment, defendants provided plaintiff's attorney with a written settlement agreement and asked that it be executed. The proposed agreement: (1) states there is no admission of liability or wrongdoing of any kind with respect to the claims raised in the lawsuit; (2) requires defendants to pay plaintiff $100,000 "in full and final compromise and satisfaction of all claims asserted in the [l]awsuit . . ."; (3) requires execution of a stipulation of dismissal, Internal Revenue Service Form W-9, and a child support judgment search; (4) states that

payment is a full and fair settlement of the litigation; (5) indicates that the parties agree defendants have no obligation to pay plaintiff or his attorney any payments, benefits, or consideration other than those provided in the agreement; (6) provides for dismissal of the lawsuit; (7) states that New Jersey law controls the interpretation and enforcement of the agreement; (8) includes a representation that plaintiff has consulted with counsel before entering the agreement; (9) provides that the terms of the agreement cannot be modified except by a written agreement signed by the party against whom enforcement of such modification may be sought; (10) states that plaintiff represents he is not enrolled in certain Medicare programs; (11) includes an agreement that N.J.S.A. 2A:17-56.23b requires a search of child support judgments before distribution of any settlement proceeds to plaintiff; (12) states that the parties have had ample opportunity to review the agreement; and (13) provides for the execution of the agreement in counterparts and delivery by facsimile or electronic mail.

We reject plaintiff's contention that the parties did not reach a settlement agreement. As noted previously, his acceptance of the offer of judgment provides him with relief comparable to a settlement or consent decree. Moreover, the proposed agreement includes provisions that are intended to facilitate payment of the $100,000 defendants agreed to pay to resolve the

dispute. The proposed agreement includes general terms of the sort typically included in agreements of this kind. The motion judge did not err by enforcing the parties' agreement and requiring plaintiff to execute the proposed written agreement.

On appeal, plaintiff also contends the judge erred by stating that if plaintiff did not waive his right to seek counsel fees and costs, the court had the discretion to deny his application for such fees and costs. In view of our decision, we need not address this issue.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1641-19T2